## JEWETT & LOVEJOY v. MILLER & FULLER.

1. COUNSEL. A decree in a chancery cause may, with the consent of the parties, be rendered by a Judge of the District Court who has been of counsel therein.
2. DECREE: PRESUMPTIONS. When the recitals of a decree show that certain matters, necessary to authorize the court to render the same, were made to appear, the appellate court will presume that they were made to appear in the proper manner.
3. NEW TRIALS: INJUSTICE. The Supreme Court will not interfere with the exercise of the discretion vested in the District Court, in refusing new trials in cases in which it is not made to appear that palpable injustice has been done the appellant.

*Appeal from Polk District Court.*

THURSDAY, JUNE 13.

THE facts are sufficiently stated in the opinion of the court.

*Stephen Sibley* for the appellants.

*John A. Kasson* and *C. C. Cole*, for the appellees.

I. The presumptions in the Supreme Court are in favor of the regularity of the proceedings of the court below. *Campbell* v. *Ayers*, 6 Iowa, 339; *Shields* v. *Guffey*, 9 Iowa, 322; *Hendrie* v. *Rippey*, Ib. 351; *Dunham* v. *Dennis*, Ib. 543; *Hamilton et al.* v. *Walters*, 3 G. Greene., 556. When the decree recites matters necessary to its rendition, this court will presume that they were made to appear in the proper manner. *Harrison* v. *Kramer et al.*, 3 Iowa, 543.

II. The interest of the judge constitutes an objection only when he takes jurisdiction without the consent of the parties. Code of 1851, § 1595.

III. There is no allegation of merit in the affidavit and motions.

BALDWIN, J.—This was a proceeding to foreclose a mort-

gage. After the defendants had answered, there was an agreement filed, signed by the parties, stipulating that the cause should stand continued one year. Nearly twenty months after this agreement was filed, a decree was entered as prayed for in the petition of plaintiffs. At a subsequent term, one of the defendants moved the court to set aside the decree, for several causes, the most important of which were, that the decree was entered without the defendant's knowledge, and by a judge who had been an attorney of record in the ease; that the decree was entered without proof; that the cause was not regularly reached for trial, &c. This motion was overruled, and from this ruling the defendants appeal.

The decree recites, that the said "complainants and respondents, by their counsel, appeared and submitted this cause to the court, upon the pleadings, admissions and written agreement of parties, for final decree, and it is thereupon ordered." &c.

This decree, by the motion of defendant, is attacked upon the affidavit of one of the defendants alone, without denying the right of his counsel to appear for him, and make any such admissions as the record states were made, and asks the court to set the same aside without showing in what manner he was prejudiced by this action of the court. The record shows that the cause was submitted by the *consent* of the parties, hence the objection that the judge had been of counsel in the cause is without foundation. Code of 1851, § 1592.

As to the objection of defendants that the decree was rendered without proof, &c. It has been held by this court that when a decree recites that certain matters essential to its rendition were made to appear, the appellate court will presume that they were made to appear in a proper manner, and that the court rendering such decree performed its duty. *Harrison* v. *Kramer et al.*, 3 Iowa, 544. The

Supreme Court will presume the judgments and decrees of the District Court to be correct, unless the record shows the error clearly. *Campbell* v. *Ayres,* 6 Iowa, 339; *Shields* v. *Guffey,* 9 Ib. 322; *Hendrie* v. *Rippey,* Ib. 351. There is no showing that the defendants were in any manner prejudiced by this decree of the court. A wide latitude is given to the discretion of the District Court in granting and refusing new trials, and this discretion will not be interfered with, except when palpable injustice has resulted to the party making the application. *Hendricks & Cooper* v. *Wallis,* 7 Iowa, 225. The agreement to continue only suspended the power of the court to determine the cause during the time specified in such agreement. When such time expired the parties stood in the same position as though no continuance had taken place. The cause was liable to be called and tried without further notice.

Judgment affirmed.