## Gantz v. Clark.

1. **Fences: NOTICE.** Notice of the meeting of the fence viewers to assign to each of adjacent owners his share of partition fence to be built, need not be in writing. Verbal notice is sufficient.

2. —— **RECORD OF DECISION.** A failure to have recorded with the township clerk the assignment or division of such respective shares will not affect the rights of either party in respect to building the share assigned to the other on his failure so to do, and the recovery of double damages therefor as provided by the statute, if he had actual notice of such assignment.

3. **Practice: AFFIRMATIVE ERROR.** Error in the rulings and actions of the trial court must be affirmatively shown or they will not be disturbed on appeal.

4. **Measure of damages: FENCES.** Where adjacent owners made an agreement respecting the planting and rearing of a partition hedge,

by the terms of which one was to furnish the plants and the other was to perform the labor in cultivating it until it was sufficiently grown to answer the purpose of a fence, it was *held*, that the measure of damages for non-performance on the part of the latter was the value of the labor and services which he undertook to perform in rearing the hedge, and not the value of it when grown into a fence.

5. Instruction: PRESUMPTION OF APPLICABILITY. An instruction will not be held inapplicable when evidence making it applicable would have been admissible under the issues raised by the pleadings, and it does not appear that such evidence was not introduced.

6. Practice: NEW TRIAL: COURTS. An order overruling a motion for a new trial, claimed to have been made in vacation, will be upheld unless it affirmatively appears from the record that it was so made and that the party complaining did not consent thereto.

*Appeal from Jefferson Circuit Court.*

FRIDAY, APRIL 7.

ACTION to recover double the value of a partition fence, built by plaintiff upon the line between his lands and defendant's, and assigned by the fence viewers, under Revision, section 1533, to be built by defendant within a time fixed by them. Upon defendant's failing to build, according to the decision of the fence viewers, plaintiff erected the fence and sues for double the value thereof. The facts necessary to an understanding of the points ruled are stated in the opinion. Verdict and judgment for plaintiff; defendant appeals.

*Negus, Ratcliff & Geltner* for the appellant.

*McCoid & Heron* for the appellee.

BECK, J.— The points decided will be considered in the order in which we find them presented in the argument of defendant's counsel.

1. FENCES: notice.

I. The court instructed the jury that "the law does not require a notice to be served on the parties of the time when the fence viewers will examine, divide and assign such fence." The notice meant by this instruction is a written notice. It is held in *Talbot* v. *Blacklege*, 22 Iowa, 573, that such a notice is not necessary to authorize the fence viewers to act, and if the parties are verbally notified or have knowledge of the meeting of the fence viewers, it is sufficient. In this case there was evidence to the effect that defendant was notified of the time and place of the meeting of the fence viewers. The objection is, not that defendant was not notified and had no knowledge of the time and place of meeting of the fence viewers, but that such notice could only be given in writing. Following *Talbot* v. *Blacklege*, we hold that verbal notice given is sufficient.

II. The court instructed the jury to the effect that, if the fence viewers notified defendant in writing of the assign-

2. —— record of decision.

ment of the fence made by them, it was unnecessary that it should be recorded by the township clerk to entitle plaintiff to recover. Section 1536 provides that "when a division fence between the owners of improved lands may have been made, either by fence viewers or by agreement in writing, and recorded in the office of the clerk of the township where the lands are, the owners and their heirs and assigns shall be bound thereby and support them accordingly." In our opinion the plaintiff was authorized to build defendant's part of the fence as assigned by the viewers by their assignment. The recording of the assignment was not necessary to confer the authority. If he rightfully built the fence he, of course, can recover in this action. The object of the recording is to impart notice of the action of the viewers. But if defendant had notice thereof she is bound by the decision, even though it be not recorded. The instruction, we think, is correct.

Gantz v. Clark.

III. The defendant asked an instruction to the effect that unless plaintiff proved, as he alleged in his petition, 3. PRACTICE: that the land of the parties had been inclosed affirmative error. in common without a partition fence, he cannot recover. The court modified this instruction to the effect that under these circumstances he could not recover double damages. We think under the pleadings that if the evidence showed that plaintiff was authorized to build the fence, which should have been built by defendant, and that he was not entitled to double damages, he could recover in the action the value of the fence.

IV. After the fence was built by plaintiff, the fence viewers assessed the value of that part which they assigned to be built by defendant. Defendant now insists that she was not notified, as the law requires, of this assessment by the fence viewers. No such objection was made in the court below. As the record does not purport to give all the testimony in the case, in obedience to the rule requiring us to presume that the court correctly ruled upon all questions of law raised upon the trial, and that the verdict is supported by the evidence, in the absence of showing to the contrary, we must hold that evidence of the service of this notice was before the court and jury. A written notice of the value of the fence assigned by the viewers to defendant, and built by plaintiff, was introduced in evidence, and objection made thereto by defendant, on the ground that it was not a copy of the paper served on her. The objection is not renewed in this court and need not be considered. It will be observed, however, that this objection, as made in the court below, substantially admits the service of the notice upon defendant, and of itself affords an answer to the position of defendant, now under consideration.

V. The answer of defendant sets up, by way of a cross demand, a claim against plaintiff for damages on account of

4. MEASURE OF DAMAGES: fences. his failure to cultivate and take care of a hedge, which he was bound to do by a contract between the parties. By the terms of this contract, the defendant was to furnish the plants, and plaintiff was to perform the labor necessary to cultivate and take care of the hedge, until it was sufficiently grown to answer the purpose of a fence. To establish her damage, under this contract, defendant offered to prove, by certain witnesses, the value of hedges, or " the value of hedge plants when grown into a fence," and " what it was worth to plant out hedge plants and cultivate them into a fence." This evidence, we think, was properly excluded by the court. The measure of defendant's damage, under the contract, is the value of the labor and services which plaintiff undertook to perform. Sedg. on the Meas. of Dam. 203. The rule contended for by defendant, under which the evidence was offered, would make plaintiff liable, not only for the value of the labor he was bound to perform, but for all additional value the hedge would acquire by its natural growth. It is, therefore, in conflict with the law.

VI. The court instructed the jury to the effect that if defendant furnished hedge plants which plaintiff was to cultivate until they became a hedge, " and it was regarded by the parties as an experiment, which, if successful in producing a good hedge, was to be the joint property of the parties, and if unsuccessful, one should lose the plants and the other the labor bestowed thereon," in that case, if plaintiff failed to perform the labor which he agreed to do, defendant's damage would be the value of the plants and of the labor bestowed thereon by her, " together with any other damages accruing as the direct and proximate result of such failure of plaintiff." This instruction is objected to because it is upon matters not put in issue by the pleadings. In our opinion, the issues contemplated by the instruction are raised by the pleadings. Plaintiff's answer to defendant's cross demand

5. INSTRUCTION: presumption of applicability.

Gantz v. Clark.

denies the contract as therein set out. It would have been proper for him to have given evidence of such a contract as is contemplated by the instruction, to defeat the claim set up by defendant. And presuming, as we are required to do, that such evidence was before the jury, the instruction is not objectionable.

VII. Defendant moved for a new trial. The motion, as she claims, was overruled in vacation and a record entry made thereof. A motion was made to erase the record of the overruling of the motion, on the ground that the order was made in vacation, without the motion having been submitted to the court, and without the consent of defendant or her counsel. The motion was overruled and the action of the court thereon is assigned for error. The record does not embody the facts which were before the court and upon which the decision was based. An affidavit of defendant's counsel stating that they did not consent that the motion for a new trial should be decided in vacation is found in the record. No other evidence upon that subject is before us, nor does the court, in any form, certify the facts upon which its decision was based. We cannot, therefore, review it. The record bears date of the term at which the cause was tried. It is not made to appear affirmatively that the decision of the court upon the motion was rendered in vacation, or, if so made, that the defendant did not consent thereto. We are required to presume that the decision of the court was correct, unless the record affirmatively and clearly shows error, which it fails to do. *Jewett & Lovejoy* v. *Miller & Fuller*, 12 Iowa, 85; *Weaver* v. *Cooledge*, 15 id. 244; *Barker* v. *Brown*, id. 70.

6. PRACTICE: new trial: courts.

Affirmed.