MYRON G. MANLY, PLAINTIFF IN ERROR, v. ROLLIN L. DOWNING, DEFENDANT IN ERROR.

1. **Mechanic's Lien.** An account in the following form:

    "KEARNEY, NEBRASKA, Feb. 28, 1880.

    ."N. D. Haley, Esq.,

    "To R. L. Downing,                          Dr.      Cr.

    "1879, Sept. 30, to Nov. 13, To lumber for house..$63 77

                    "By work ..................... $ 3 00"

    *Held,* To be a sufficient itemization of account under the provisions of sec. 3 of chap. 54, Comp. Stat., entitled "Mechanics' and laborers' liens."

2. ———: FORECLOSURE. In an action to foreclose a mechanic's lien, when found necessary the petition may be amended and new parties brought in after the expiration of two years from the time of furnishing the building material or labor on which the lien is founded.

ERROR to the district court for Buffalo county.    Tried below before GASLIN, J.

*E. C. Calkins,* for plaintiff in error, cited:    Philips on Mechanics' Liens, § 20.

*Sam. L. Savidge,* for defendant in error.

COBB, CH. J.

This was an action brought by Rollin L. Downing originally against N. D. Haley for the purpose of foreclosing a mechanic's lien.    The petition was verified on the 13th day of October, 1881, and alleged the furnishing and delivery of the building material for which the suit was brought on the 13th day of November, 1879, and the filing of the mechanic's lien in the clerk's office therefor on the 3d day of March, 1880.    Service in said action was had on the said Haley by publication, and on the 30th of November, 1881, the default of the said Haley was duly entered in court for want of an answer in said cause.    Afterwards on the 5th day of April, 1882, the plaintiff filed in the office of the clerk of said court an amended petition in said cause, in which the said N. D. Haley, and also Myron G. Manly were made defendants; and in which amended petition, after setting up all the facts stated in the original petition, the same contains the following allegations as number six (6):    "The defendant, Myron G. Manly, claims to have purchased said premises, after this mechanic's lien attached to the same, and to be now the owner of said premises, but the extent of his interest in the same is unknown to plaintiff.    The plaintiff therefore prays for judgment against said N. D. Haley for the sum of sixty dollars and seventy-seven cents with interest thereon from the 11th day of May, 1880.    That the lien and interest of the said Myron G. Manly in said premises may be decreed to be

minor and inferior to that of the plaintiff's lien. That defendant may be foreclosed and barred of all right, lien, and equity of redemption in said premises," etc.

On the 22d day of May, 1882, the defendant, Myron G. Manly, filed his answer in said cause, in which he denied all knowledge or information of the furnishing of said building material to the said Haley by the plaintiff. Denies that the said Haley was at the time stated the owner in fee of the said premises. Denies that on the 31st of March, 1880, or at any other time, the plaintiff made an account in writing of the items of lumber or building material furnished defendant Haley under any contract for the erection or repair of any building on said lot, duly swore to and filed the same in the clerk's office of said Buffalo county. Alleges that on the 9th day of January, 1880, the defendant purchased of defendant Haley his interest in said contract for the said lot, and the same was afterwards and on the same day duly assigned to this defendant. That afterwards, on about the 19th day of May, 1880, the defendant having fulfilled said contract of purchase, received title to the said lot and paid in full an adequate consideration therefor; and that "more than two years have elapsed since the alleged filing of the said alleged account in the said clerk's office of Buffalo county." To this a reply was filed, and a trial had to the court, which found all of the issues in favor of the plaintiff, and rendered a judgment in his favor for sixty-nine dollars and costs, which judgment the defendant Manly now brings to this court by petition in error.

Two points are made: (1) That the statute requires a lienor to file an account of items of his demand. This he failed to do, but simply described it as " balance on lumber " I am not aware that this point has been previously presented to this court, and being cited to no authorities in support of the position taken by plaintiff in error, except the general one, to the effect that in cases between the

claimant and a purchaser in good faith, without notice, the claimant must strictly comply with all the statutory requirements, and seeing no ground whatever upon which plaintiff in error can claim that he has lost any advantage by the failure of the lienor to itemize his account, nor any danger which can possibly be risked of setting an erroneous precedent in this case, I am forced to the conclusion that this point should be overruled.

The first section of the statute entitled " Mechanics' and Laborers' Liens," then in force, provides, " That any persons who shall perform any labor or furnish any material, or machinery, or fixtures," etc.   Section three provides that " any person entitled to a lien under this chapter shall make an account in writing of the items of labor, skill, machinery, or material furnished, or either of them, as the case may be," etc.

It is a sufficient compliance with these provisions that the paper signed, sworn to and filed in accordance with the provisions of section three, contains an account in writing, stating the character and time of labor, or the character and value of material or machinery or fixtures as the case may be.   I think that to require any further particularity or specifications in this paper would require the doing of an unnecessary thing, and would in some cases work a hardship and loss to meritorious claimants.

The remaining point is that the action was brought out of time; the statute then in force requiring all actions for the enforcement of mechanics' liens to be brought within two years from the furnishing of the material, etc.   According to the pleadings and evidence, the building materials in the case were furnished on or about the 13th day of November, 1879.   The affidavit for service by publication upon N. D. Haley was sworn to on the 13th day of October, 1881.   In the record we find the following journal entry "That due and legal notice of the pendency of this case was given to the said defendant, N. D. Haley, by

publication, as required by law, in the *Western New Era,* a newspaper published in said Buffalo county, and of general circulation therein; and that after the expiration of service, and time of answer to plead or demur to petition of plaintiff, the said Haley was, at the November term, 1881, of this court, three times solemnly called in open court by the sheriff, and came not, but made default, which was accordingly entered of record." This was one of the findings of the court in the case. From these findings it sufficiently appears that the action was commenced against the said Haley within two years from the time of the furnishing of the building materials in question. It is true that after the taking of said judgment by default against the said Haley, the plaintiff discovered that the premises had been conveyed by Haley to the defendant Myron G. Manly, rendering it necessary to make him a party to the proceedings in order to cut off his equity of redemption. The said plaintiff thereupon obtained leave to file an amended petition, which was filed, making the said Myron G. Manly also a defendant, and such proceedings had therein that the judgment which is now before this court on error was rendered. The said defendant Manly also being a non-resident of the state of Nebraska, had to be served by publication, and it is true that the said plaintiff appears to have proceeded against the said Haley as well as the said Manly in these amended proceedings, but so far as the said Haley's name appeared in the second publication, the same was only surplusage, and did not have the effect to set aside and vacate the judgment already rendered against him, nor change the time of the actual commencement of the suit. The action having been commenced against the said Haley within the two years provided by law, the proceedings could be amended and other parties brought in, notwithstanding more than two years had elapsed before proceedings to that end were commenced. There are probably cases holding to the contrary of this,

but we are cited to no authorities on this point, and the time at my disposal does not permit of my hunting them up. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.