### IN THE

# SUPREME COURT OF NEBRASKA.

## JULY TERM, 1884.

PRESENT:

HON. AMASA COBB, CHIEF JUSTICE.
" SAMUEL MAXWELL, ⎞ JUDGES.
" M. B. REESE, ⎠

DOOLITTLE & GORDON, PLAINTIFFS AND APPELLANTS, v. JULIAN PLENZ, IMPLEADED WITH OTHERS, DEFENDANTS AND APPELLEES.

1. **Mechanic's Lien.** Where A agreed to erect and did erect three houses for B, one upon each of three adjoining lots, for an entire sum, *Held*, That a mechanic's lien attached to all the lots and the buildings thereon.

2. ———: ITEMS OF ACCOUNT. Where a mechanic enters into a contract to erect a building or buildings for a specified sum, the contract being entire, he need not make a detailed statement of his labor and materials, but the entire job may be set down as a single item.

3. ———: LIABILITY OF PURCHASER. A party purchasing a building within four months from the time it was erected or repaired takes it subject to any legitimate claim arising under the mechanic's lien law for erection or repairs.

4. ———: APPORTIONMENT AMONG SEVERAL LOTS. Where G., the owner of three adjoining lots, contracted with D. & C. to erect a house on each of said lots, the contract being entire; in an action to enforce a mechanic's lien thereon, *Held*, That the cost and expense of erecting all the houses would be apportioned among the lots according to the value of the labor and materials expended on each.

APPEAL from the district court of Lancaster county. Heard below before POUND, J.

*A. J. Sawyer* and *S. J. Tuttle*, for appellants.

*J. C. Johnston* and *Wales Frank Severance*, for appellees.

MAXWELL, J.

This action was brought in the district court of Lancaster county to foreclose a mechanic's lien. On the trial of the cause the court found that no lien existed, and rendered judgment to that effect. The plaintiffs appeal. It is alleged in the petition that between the twenty-fifth day of July and the fourteenth day of October, 1881, both days inclusive, William H. Dobson & Co., of Lincoln, erected for W. Sandford Gee three dwelling-houses, with their appurtenances, on lots 10, 11, and 12, in block 162, in the city of Lincoln, for the agreed price of $1,241.70, upon which there has been paid the sum of $763. The account is as follows:

"W. Sandford Gee to Dobson & Co.,                Dr.

| | | |
|---|---|---:|
| July 25, | Two small houses ..........................$ | 510.00 |
| " | One and one-half story house............ | 475.00 |
| " | Three doors extra ......................... | 9.00 |
| " | 3 frames.................................... | 7.00 |
| " | 4 transoms................................. | 4.50 |
| " | Hardware.................................. | 6.00 |
| " | Extra sheathing............................ | 50.00 |
| Aug. 3, | 3 doz. wardrobe hooks .................... | .75 |
| " 6, | 1 kitchen on one and one-half story house.................................... | 105.00 |
| " 6, | Extra labor on 7 windows .............. | 7.00 |
| " 19, | One-half day extra on house ........... | 1.50 |
| " 22, | Extra on house door frames............. | 6.00 |
| Sept. 5, | Extra work and material on kitchen ... | 26.95 |

Doolittle & Gordon v. Plenz.

| | | |
|---|---|---:|
| Sept. | 8, One-half day extra labor window frames | 1.50 |
| Oct. | 8, 1 porch............................... | 30.00 |
| " | 14, Sash ................................ | 1.50 |

$1,241.70

Cr.

| | | | |
|---|---|---|---:|
| Aug. 30, | By cash | .................................$ | 200.00 |
| Sept. 10, | " | .................................. | 300.00 |
| " 24, | " | .................................. | 11.00 |
| Oct. 1, | " | .................................. | 26.00 |
| " 29, | " | .................................. | 100.00 |
| Nov. 4, | " | .................................. | 50.00 |
| By plastering and flues small house | | ................. | 76.00 |

(Signed) WILLIAM H. DOBSON & Co."

The plaintiffs are assignees of said account.

The petition further alleges that said lots were owned by said Gee as one entire tract without separation or division, and that said houses were erected under one entire contract with said Gee, and without regard to the amount of labor and material required for each house, and that the payments above mentioned were made upon the general account and not upon any particular house. Then follow the usual allegations showing the filing of the lien and the amount due thereon, etc.

Gee, in his answer, does not deny that the contract was made as an entirety for the erection of the three houses and not for each one separately. On the tenth of September, 1881, Gee sold and conveyed lot 12, in said block, with the dwelling thereon, subject to a mortgage of $400, to Mary E. Tower; and on the twenty-seventh of the same month, sold and conveyed lot 10, in said block, with the dwelling thereon, to Julian Plenz; and on the third of October, of that year, sold and conveyed lot 11, in said block, with the dwelling thereon, to James G. Kyle, who soon afterwards conveyed to Wales Frank Severance. These parties answer, denying the entirety of the contract and

the existence of the lien, and claim to be bona fide pur-
chasers.

The first question for determination is, whether or not
the evidence shows that the houses in question were con-
structed under an entire contract.    The proof clearly shows
that the original contract was for the erection of two houses,
one being on lot 10 and the other on lot 11, for an agreed
price, and that the contract was extended to include lot 12
for a specified sum.    Extra work was done on all the houses,
and changes made under the direction of Gee himself, and
a general account of the extras kept without regard to the
particular house upon which they were placed.    And the
money paid by Gee was not, so far as appears, upon any
particular house, but to be applied on the account.    This
being so, the lien attached to all the lots and houses.    The
words in sec. 1 of the mechanic's lien law of 1866 [Gen.
Stat., 466], "and the lot of land upon which the same shall
stand," do not restrict the lien to arbitrary and artificial
lines but include at least all the lots upon which the build-
ings or any part thereof are erected.    *Choteau v. Thomp-
son*, 2 Ohio State, 114.

II.    The items of the account are sufficiently definite.
When a mechanic enters into a contract to complete a
building or buildings for an entire price, he need not file
an itemized account of his labor and materials used in the
erection of said buildings, but the entire job may be put
down as a single item.    *Davis v. Hines*, 6 Ohio State, 473.
*Thomas v. Huesman*, 10 Id., 152.    *Manly v. Downing*, 15
Neb., 637.    In this case the extra labor and material used
were itemized in proper form, while the contract price for
the erection of the houses was properly charged as a sepa-
rate item.    In our view this was sufficient.

III.    A party purchasing a building within four months
from the time of its completion, or after repairs have been
made upon it, takes it subject to any legitimate claim
against it for erecting or repairing the same.    The law is

notice to every one that such lien may be filed, and it behooves a party purchasing the premises to see that all such claims are satisfied or secured; and no person can be a *bona fide* purchaser as against such liens by simply taking a deed from the owner of the fee. The defendants named, therefore, by purchasing the premises in controversy did not acquire any greater rights than were possessed by Gee.

IV. Cantrell & Wilson filed a cross-petition claiming a mechanic's lien upon said buildings and the lots on which they stand for a balance due for plastering said houses. The facts are substantially the same as in the case of Doolittle and Gordon, and they are entitled to the same relief. A decree will therefore be entered in favor of the plaintiffs and Cantrell & Wilson for the amount of their claims, and the same will be apportioned between the lots in question according to the value of the labor and material expended on each.

And in case the parties cannot agree as to the proper amount to be assessed against each lot the court will appoint a referee to take testimony and report the facts. The judgment of the court below is reversed, and judgment will be entered in this court in conformity to this opinion.

JUDGMENT ACCORDINGLY.

ALL of the judges concurred.