A. H. WEIR & COMPANY, APPELLEE, v. SUSIE L. THOMAS, APPELLEE, IMPLEADED WITH SARAH F. HARRIS, APPELLANT, ET AL.

FILED APRIL 4, 1895.   No. 6206.

Mechanics' Liens: MORTGAGES: PRIORITIES. In a contest for priority as between a mortgage filed for record August 21, 1890, and a claim for a mechanic's lien in which the material was alleged to have been delivered "between August 21, 1890, and January 22, 1891," *held*, that the word " between " excluded the 21st, from which it resulted that the lien of the mortgagee was senior and superior to that of the material-man.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J.

*Harwood, Ames & Pettis,* for appellant.

*Mockett, Rainbolt & Polk, S. L. Geisthardt, Darnall & Babcock,* and *J. S. Kirkpatrick, contra.*

RYAN, C.

In its petition the firm of A. H. Weir & Co. alleged that in pursuance of a contract with F. J. Andrews it had furnished material for a building on and between August 21 and January 22, 1891, for which, after crediting all payments, there still remains due a balance of $404.30, for which sum, with interest, there was a prayer for a foreclosure. Sarah F. Harris, one of the defendants, appeals from the decree, which postponed her rights to those of A. H. Weir & Co. Her mortgage on the premises, against which the mechanic's lien was claimed, was filed on August 21, 1890. In the itemized account attached to the affidavit filed for a lien there were descriptions of lumber, but no date was specially given in connection with any of these items earlier than August 23, 1890. To establish its priority over this mortgage, however, the following language, with which the statement of account was prefaced, was relied upon by plaintiff: "Lincoln, Neb., December 29, 1890. Estimate on original bill made by A. H. Weir & Co. For Susie L. Thomas job. F. D. Andrews, contractor. Delivered between August 21, 1890, and January 22, 1891." If this language fairly implies that the two dates named are included by the use of the word "between," the finding of the district court adverse to the mortgage in question is sustainable, otherwise not.

In the case of *Bunce v. Reed,* 16 Barb. [N. Y.], 347, was involved the definition of the word "between," found in the same connection as above. Judge Hand said: "The

affidavit of publication is defective in this case unless the words 'between the 7th day of December, 1850, and the 1st day of March, 1851,' supply the defect.   The 7th day of December was Saturday, and that was the la-t day notice could have been published.   It has been decided that 'till' includes the day to which it is prefixed. (*Dakins v. Wagner*, 3 Dowl. P. C. [Eng.], 535.)   But 'between,' when properly predicable of time, is intermediate, and strictly does not include in this case either the 7th of December or 1st of March. Between two days was exclusive of both. (*Atkins v. Boylston Fire & Marine Ins. Co.*, 5 Met. [Mass.], 440.)   The affidavit does not show a publication eighty-four days."

In *Atkins v. Boylston, supra*, the coffee insured was "to be shipped between February 1 and July 15, 1840," under the terms of the policy.   In the opinion of the court there was the following language: "It is undoubtedly true that the word 'between' is not always used to denote an intermediate space of time or place, as the plaintiff's counsel has remarked.   We speak of a battle between two armies, a combat, a controversy, or a suit at law between two or more parties; but the word thus used refers to the actions of the parties, and does not denote locality or time.   But if it should be said that there was a combat between two persons between two buildings, the latter word would undoubtedly refer to the intermediate space between the buildings, while the former word would denote the action of the parties.   But it was argued that the word 'between' is not always used as exclusive of the termini when it refers to locality.   Thus, we speak of a road between one town and another, although the road extends from the center of one town to the other; and this, in common parlance, is a description sufficiently intelligible, although the road in fact penetrates each town.   But if all the land between two buildings or between two other lots of land be granted, then certainly only the intermediate land between the two lots of land, or the two buildings would pass by the grant.

And we think the word 'between' has the same meaning when it refers to a period of time from one day, month, or year to another. If this policy had insured the plaintiff's property to be shipped between February and July, it would clearly not cover any property shipped in either of those months. So we think the days mentioned in the policy are excluded. We think the word 'between' has the same meaning in this respect as the words used in the second policy. In that policy the goods insured are to be shipped subsequently to the 14th of July and prior to the 15th of October next following. This would be construing the contract according to the most common meaning of the word 'between,' and there is nothing in the contract to intimate that the word was used in any other sense."

This meaning of the word "between" not only is sanctioned by the only adjudicated cases which we have been able to find, but as well it has the approval of our own judgment. From this it inevitably results that the lien in favor of A. H. Weir & Co. related back from the time of its filing so as to include August 22 and exclude August 21. The mortgage to Sarah F. Harris, which was filed for record on August 21, should therefore have been decreed senior and superior to the mechanic's lien of A. H. Weir & Co. This conclusion seems to be somewhat at variance with the following language at the close of the opinion of this court in *Noll v. Kenneally*, 37 Neb., 885, to-wit: "The fair inference to be drawn from the statement in the account for the lien we are considering is that the materials were furnished between the dates therein named and that the last were furnished on the date last given. (See *Manly v. Downing*, 15 Neb., 637; *Hayden v. Wulfing*, 19 Mo. App., 353; *Bangs v. Berg*, 48 N. W. Rep. [Ia.], 90; *Johnson v. Stout*, 44 N. W. Rep. [Minn.], 534.)" An examination of the cases cited will show that they support the proposition that when it appears from the statements in the affidavit, or from the itemized account thereto attached, that the labor or ma-

terial was furnished within the prescribed statutory time immediately antecedent to filing the same, it is a sufficient compliance with the requirements of the mechanic's lien law to render such filing effective, and as this was the only question in dispute which involved the sufficiency of the sworn statements filed to secure a lien, such language as implies more is but *dictum.* This explanation is made upon the suggestion of the writer of the opinion referred · to and has his entire approval.

The judgment of the district court, in so far as thereby the rights of A. H. Weir & Co. were adjudged superior to the lien of the mortgage made to Sarah F. Harris, is reversed and this cause is remanded to said district court with directions to modify its decree accordingly.

REVERSED AND REMANDED.