### Orrin Winans v. Otto Thorp.

1.  PROCESS—*Regularity of a Justice's Summons.*—A summons issued by a justice of the peace, and made returnable at eight o'clock A. M. on the day set for trial, is a sufficient compliance with the statute requiring such process to be returnable between the hours of eight o'clock A. M. and four o'clock P. M.

Replevin.—Appeal from the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, presiding.   Heard in this court at the October term, 1899.   Affirmed.   Opinion filed February 1, 1900.

REEVES & BOYS, attorneys for appellant.

EDGAR ELDREDGE, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was replevin, brought by Winans against Thorp to recover personal chattels which Thorp, a constable, had seized under an execution issued by a justice of the peace against Winans, on a judgment for $100 and costs, which the justice had rendered against Winans. The parties waived a jury and submitted the cause under a stipulation as to the facts and pleadings, whereby the sole question to be determined was whether the justice acquired jurisdiction of the person of Winans, who had been duly served with summons, and had only appeared specially, and moved to quash the summons and dismiss the suit, which motion the justice had denied. The supposed lack of jurisdiction was because the summons was returnable on a certain day "at 8 o'clock A. M." The court below held the service of the summons gave the justice jurisdiction, and entered judgment for defendant in replevin, and plaintiff appeals.

The justice issued the summons under the act of 1895, concerning justices and constables. Section 4 of article 2 of that act, after prescribing the form of the summons, further enacts, "in which summons the justice shall specify a certain place, day, and hour, which shall be between the hours of eight o'clock A. M. and four o'clock. P. M. for the trial." When the word "between" is used with reference to a period of time bounded by two other specified periods of time, such as between two days named, the days or other periods of time named as boundaries are excluded. (Richardson v. Ford, 14 Ill. 332; Coleman v. Keenan, 76 Ill. App. 315; Cook v. Gray, 6 Ind. 335; Atkins v. Insurance Co., 5 Metc. 439; Robinson v. Foster, 12 Iowa, 86; Bunce v. Reed, 16 Barb. 347; Fowler v. Rigney, 5 Abb. Pr., N. S. 182; 4 Am. & Eng. Ency. of Law (2d Ed.), 9; Anderson's Law Dictionary, title, "Between.") "Between" has a like meaning when used with reference to two boundaries in space. (Philadelphia v. C. P. Ry. Co., 151 Pa. St. 128.)

Winans v. Thorp.

But "eight o'clock A. M.," as a period of time, is of infinitesimal duration. The same instant eight o'clock is reached it is passed and the time between eight o'clock and nine o'clock has begun. We think it must be conceded that if this summons had been returnable one-quarter of a second after eight o'clock A. M., it would have been returnable "between eight o'clock A. M. and four o'clock P. M.," and would have been in compliance with the statute, and the justice would have had jurisdiction. Eight o'clock A. M., thus considered, is not a period of time, like a day, capable of measurement and forming a definite period as a boundary, which can be excluded, but it is a mere instant of time so minute as to be incapable of being measured and excluded from the time prescribed within which the jurisdiction of the justice can attach. We are therefore of opinion that the instant of time known as eight o'clock A. M. can not be excluded from the period prescribed by the statute, so as to deprive a justice of the peace of jurisdiction of the person of the defendant under a summons duly served and made returnable at eight o'clock A. M.

Again, it is the unwritten law of this State that "in proceedings before justices of the peace which are notified to begin at a fixed hour, neither party is in default until the expiration of that hour and the commencement of the next," and it is the duty of the justice to hold the case open till the beginning of the next hour. (First Nat. Bk. v. Beresford, 78 Ill. 391; Brown v. People, 24 Ill. App. 72.) Therefore the legal effect of this summons is that defendant was not required to appear for trial until nine o'clock A. M. The spirit of the statute was certainly complied with, for the "hour for the trial" was in legal effect nine o'clock A. M., which is between eight o'clock A. M. and four o'clock P. M., in any sense of the word "between." The judgment is therefore affirmed.