## HAMILTON *v.* MILLER ET AL.

[No. 3,060.   Filed March 30, 1900.   Rehearing denied May 11, 1900.]

CONTRACTS.—*Construction.*—*Sales.*—Money received from the sale of shares of stock in a company cannot be considered as "revenue from the company" within the meaning of the provisions of a contract that the purchaser of stock in a company should pay for same "out of the first money realized from the sale of burners, territory, or from any source of revenue whatever" from the company. *pp. 617-619.*

PRACTICE.—*Court Rules.*—*Change of Venue.*—A rule of court requiring that all applications for change of venue must be made and filed at least five days before the day on which the cause stands on the trial calendar for trial, unless sufficient reason is shown by affidavit for failure to make the application at such time, is a reasonable one, and it was not error, under such rule, to refuse a change of venue in a case after it had been set for trial and continued, where no legal excuse was shown for failure to make the application within the time fixed by the rule.   *pp. 619, 620.*

From the Marion Superior Court.   *Affirmed.*

*M. E. Clodfelter, H. N. Fine* and *P. J. Carlon,* for appellant.

*W. L. Taylor* and *F. A. Wood,* for appellees.

ROBINSON, J.—Appellant sued upon the following agreement: "This article of agreement witnesseth: That H. W. Miller and James R. Henry have this day bought of Sarah J. Hamilton and J. C. Hamilton their six shares of stock in the Miller Steam and Gas Generator Company, limited, for which said Miller and Henry agree to pay the said Hamiltons $500 in cash, the receipt of which is hereby acknowledged, and $500 additional out of the first money realized from the sale of burners, territory, or from any source of revenue whatever from the Miller Steam and Gas Generator Company, limited.   This additional $500 is due and payable to the said Hamiltons on the day that it is received by said Miller and Henry.   Witness our hands and seals this 15th day of July, 1896.   H. W. Miller, James R.

Henry, Sarah J. Hamilton, J. C. Hamilton." J. C. Hamilton assigned all his interest in the contract to appellant. Each of the three paragraphs of complaint seeks to recover the additional $500 mentioned.

The first paragraph avers that appellees, without appellant's knowledge or consent, sold the stock so purchased to one Kinney, and received therefor more than $1,200; that they thereby became liable for the additional $500, which was demanded. The second paragraph avers that by the sale to Kinney appellees by their own act placed it beyond their power to receive any other money than that received from the stock. The third paragraph avers that appellees received and realized out of the sale of burners, territory, and from other sources of revenue, from the company named, more than $700.

Stock in a company represents the holder's interest in the company. Money received for the sale of such stock certainly can not be considered "revenue from the company." Earnings or dividends might be; but no such question is presented. It is not made to appear that, had appellees kept the stock, they would have realized money as stipulated in the agreement. They did not agree not to sell the stock. They did not agree that, if they did sell it for more than $500, they would pay appellant the excess. They did agree to pay the additional sum when the company, of which they were stockholders, realized money from the sale of burners, territory, or from any other source of revenue from the company itself. It is true, a party can not excuse himself from the performance of a contract by himself placing the performance of it beyond his power. But this principle has no application here. Appellees were not bound to keep the stock. They could sell it immediately after they purchased it. They did not agree to keep it for a certain time, or for any time. If they did keep it, and realized money from the sources named in the agreement while holding it, they must

pay it over to the extent agreed; otherwise, there was no liability. The demurrers to the first and second paragraphs of complaint .were properly sustained.

A rule of the Marion Superior Court reads: "All motions and applications for a change of. venue from judge or county must be made and filed at least five days before the day on which the cause stands on the trial calendar for trial, unless sufficient reason is shown by affidavit for failure to make the application in compliance with this rule." The cause was first set for trial January 20, 1898, was continued, and again set specially. for trial April 20, 1898. On the last named date or the day previous appellant's attorney asked that it be again continued, to which appellees' attorney consented. On May 2nd following, appellant asked for a change of venue from the county, which was denied.

The above rule might well be construed to mean that a motion for a change of venue must be filed at least five days before the cause is first set for trial. With such a construction the rule would be a reasonable one. After the issues have been formed, and the cause set for trial, if reasons for a change of venue then exist, it is no hardship to require that the party shall then assert them. If reasons arise afterwards, the rule does not deny him the right to then assert them. Under the above rule a party would not be denied his right to a change if he showed a legal excuse for failure to make the application within the time fixed by the rule. In the case at bar no excuse is attempted for failure to make the application within the time. A change was asked on the ground that appellees had an undue influence over the citizens of the county. If this fact existed when the cause was first set for trial it should have been then asserted. If it was discovered after the time for applying for a change had elapsed, the affidavit should have so stated; and in such case it would not be necessary

to show diligence to discover the cause before the expiration of the time limit. *Ogle* v. *Edwards*, 133 Ind. 358; *Shoemaker* v. *Smith*, 74 Ind. 71; *Lott* v. *State*, 122 Ind. 393; *Wilson* v. *Johnson*, 145 Ind. 40; *City of Columbus* v. *Strassner*, 138 Ind. 301; *Redman* v. *State*, 28 Ind. 205.

Judgment affirmed.