## FRY ET AL. *v.* HOFFMAN ET AL.

[No. 8,025. Filed June 17, 1913. Rehearing denied November 5, 1913.]

1. APPEAL.—*Assignment of Errors.—Ruling on Demurrer.—Sufficiency of Complaint.*—Where two separate actions were consolidated, in one of which no demurrer to the complaint had been filed, and in the other no ruling on the demurrer filed had been made, no question was saved for presentation on appeal by assignment that the court erred in overruling the separate and several demurrers to plaintiff's complaint, and, in the absence of an independent assignment of error, the sufficiency of the complaint cannot be considered. p. 436.

2. APPEAL.— *Review.— Ruling on Motion for Change of Venue.— Presumptions.—Rules of Circuit Court.*—Where the record shows that a motion for a change of venue was overruled on the ground that the affidavit was not filed within the rules of the trial court, and the rule upon which such action of the trial court is based is

not set out in the bill of exceptions or otherwise made a part of the record, it will be presumed that the court's action was justified by the rule. p. 436.

3. TIME.— *Computation.— Motion for Change of Venue.— "Between".*—Under a rule of court requiring affidavits for changes of venue to be filed in such time as to allow five full days to intervene between the day on which the application is filed and the day set for trial, the ordinary rule of computation of time, by excluding one day of a period and including the other, does not apply, since the word "between" excludes the days specified at the beginning and at the end of the period. p. 437.

4. COURTS.—*Rules.—Motions for Changes of Venue.*—Courts have power to adopt and enforce reasonable rules, not inconsistent with the laws of the State, regulating applications for changes of venue. p. 437.

5. CONTINUANCE.—*Absent Witness.—Affidavit.—Diligence.*—An affidavit for a continuance on the ground of the absence of a witness, filed on the day set for trial, showing that the witness was out of the State and could not be located until a few days before the trial, so that his deposition could not be taken, but not disclosing that the party had made any inquiries or exercised any diligence to locate such witness prior to that time, is not sufficient. p. 437.

6. APPEAL.—*Questions Reviewable.—Evidence.—Briefs.*—The court on appeal cannot consider the sufficiency of the evidence, where the question is not presented by the briefs in accordance with the rules. p. 438.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Ott Hoffman and others against Marshall A. Fry and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Brown & Beard,* for appellants.
*Horace G. Yergin* and *Adolph Rogers,* for appellees.

LAIRY, J.—Appellant Marshall A. Fry, having entered into two separate contracts with the town of Newcastle for the improvement of portions of Broad Street in said town, sublet the excavating to be done under such contracts to appellees at the agreed price of twenty-five cents per cubic yard. After appellees had performed a part of the work under each contract a misunderstanding arose and the contractor refused to permit appellees to finish the work. Cer-

tain payments having been made, a dispute arose, appellees claiming a balance due and appellant Fry claiming that they were already overpaid. To secure the performance of each of the two contracts, appellant, Marshall A. Fry, gave bond upon which the other appellants were surety. These bonds were each payable to the State of Indiana, and were conditioned upon the faithful performance of the contract to which it applied, and upon the payment by the contractor of all debts incurred in the prosecution of the work including labor and material furnished. Appellees brought a suit on each of these bonds, making the bondsmen parties defendant. These two actions were consolidated by agreement and tried as one, resulting in a judgment in favor of appellees.

The first error assigned is that the court erred in overruling appellants' separate and several demurrers to appellees' complaint. There were two complaints filed, 1. one in docket No. 3417 and the other in docket No. 3483. An examination of the record shows that no demurrer was addressed to the complaint filed under the former number and that the court made no ruling on the demurrers which were addressed to the complaint filed under the latter number. No question was saved for presentation by this assignment, and, as the question is not presented by an independent assignment of error, we cannot consider the sufficiency of the complaint.

The correctness of the ruling of the court upon the motion for a new trial is the only question properly raised by the assignment of errors. The first cause assigned and 2. argued relates to the action of the court in overruling appellants' motion for a change of venue from the county. The affidavit was filed on December 8, and the case was set for trial on the thirteenth day of the same month. The record shows that the motion was overruled upon the ground that the affidavit was not filed within the rules. The rule of the court upon which this action of the trial court was based is not set out in the bill of exceptions or otherwise

made a part of the record.    As all presumptions are in favor of the correctness of the ruling, we must presume that the action of the court was justified by the rule.    From the briefs on file it appears that the rule required

3. that affidavits for change of venue must be filed in such time as to allow five full days to intervene between the day on which the application is filed and the day set for trial.    The word "between", when used to define a period of time bounded by two other periods, such as between two named days, excludes the days specified at the beginning and at the ending of the period; and the ordinary rule as to the computation of time by excluding one day of a period and including the other does not apply.    *Winans* v. *Thorp* (1899), 87 Ill. App. 297; *Weir & Co.* v. *Thomas* (1895), 44 Neb. 507, 62 N. W. 871, 48 Am. St. 741; 1 Words and Phrases, "between."    It is clear that there were only four full days intervening between the eighth day and the thirteenth day of the month.    The courts have power to

4. adopt and enforce reasonable rules, not inconsistent with the laws of the State, regulating applications for change of venue.    *Anglemyer* v. *Blackburn* (1896), 16 Ind. App. 352, 45 N. E. 483; *Hamilton* v. *Miller* (1889), 24 Ind. App. 617, 56 N. E. 923; *Perdue* v. *Gill* (1904), 35 Ind. App. 99, 73 N. E. 844.

Appellants on the day of the trial filed an affidavit for a continuance on account of an absent witness.    The motion based on this affidavit was overruled and this ruling

5. was assigned as a cause for a new trial.    The affidavit does not show sufficient diligence on the part of appellants to obtain the testimony of the witness.    The affidavit shows that the witness was at Danville, Illinois, and that the reason affiant did not take his deposition was because he could not locate him until December 9.    It is not disclosed that he made any inquiries or exercised any diligence to locate the witness prior to that date.    The summons was served on the defendants on September 24, almost three

months before the affidavit for a continuance was filed. The affidavit does not show that any of the defendants, during that time, had made any effort to locate the witness and to obtain his deposition. The showing as to diligence is wholly insufficient and the motion for a continuance was properly overruled.

We have considered all the questions properly presented by the record and briefs. We find no available error and the judgment is in all things affirmed.

## ON PETITION FOR REHEARING.

On petition for rehearing appellants complain of the failure of the court to pass upon the question of the sufficiency of the evidence to sustain the verdict. This question 6. was not considered for the reason that it was not presented by appellants' brief in accordance with the rules of this court. The petition for rehearing is overruled.

NOTE.—Reported in 102 N. E. 167; 103 N. E. 15. See, also, under (1) 2 Cyc. 989; (2) 3 Cyc. 294, 295; (3) 38 Cyc. 317; (4) 11 Cyc. 740, 741; (5) 9 Cyc. 143; (6) 2 Cyc. 1014, 1015. As to inclusion or exclusion of first and last days in computing time, see 49 L. R. A. 193; 15 L. R. A. (N. S.) 686.