DAVIDSON ET AL. *v.* LEMONTREE ET AL.

[No. 9,840. Filed May 9, 1919. Rehearing denied October 17, 1919.]

1. TIME.—*Computation.*—*Motion for Change of Venue.*—*Time for Filing.*—*Rule of Court.*—Under §1350 Burns 1914, §1250' R. S. 1881, providing that time shall be computed by excluding the first day and including the last, a motion for change of venue from the county filed on the tenth day of the month, in a case set for trial on the fifteenth, was in time under a rule of court requiring all motions for a change of venue from the county to be filed at least five days before the day set for trial. p. 215.

2. APPEAL.—*Reversal.*—*Refusal of Change of Venue.*—Where the evidence is not in the record, the court on appeal cannot say whether substantial justice has been done, so that the cause must be reversed for error in refusing a change of venue. p. 216.

From Marion Superior Court (101,877); *Vincent G. Clifford,* Judge.

Action between Sarah Davidson and others and Fannie Lemontree and others. From the judgment rendered, the former appeal. *Reversed.*

*William G. White* and *Arthur A. Jones,* for appellants.

*Isadore Wulfson, Frank C. Groninger, Taylor E. Groninger* and *Ella M. Groninger,* for appellee.

McMAHAN, J.—This case was set for trial on May 15, 1916. On May 10 the appellants filed a verified motion for a change of venue from the county. There was at that time a rule in force in the trial court requiring all motions for a change of venue from the county to be filed at least five days before the day on which the cause stands for trial on the trial calendar. The court overruled this motion for the reason that it was not filed five days before May 15. The motion was filed in time, and

it should have been sustained. §1350 Burns 1914, §1250 R. S. 1881. The rule of the court did not require that five full days should intervene between the day on which the motion was filed and the day set for trial as was the case in *Fry* v. *Hoffman* (1913), 2. 54 Ind. App. 434, 102 N. E. 167, 103 N. E. 15.

Appellee suggests that, where it appears to the court that the merits of the cause have been fairly tried or determined, the cause should not be reversed. The evidence not being in the record, we are not able to say that substantial justice has been done.

Judgment reversed, with directions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.