## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 26 2020, 7:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce E. Andis
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William A. Brock,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

February 26, 2020

Court of Appeals Case No. 19A-CR-1530

Appeal from the Lawrence Superior Court

The Honorable William G. Sleva, Judge

Trial Court Cause No. 47D02-1805-F5-772

**Robb, Judge.**

# Case Summary and Issue

[1] William Brock was convicted of failing to register as a sex or violent offender as a Level 5 felony. He appeals his conviction, raising one issue for our review: whether the State proved the offense by sufficient evidence. Concluding the State proved that Brock knowingly failed to register when required to do so, we affirm.

# Facts and Procedural History

[2] Brock was convicted of child molesting as a Class C felony in 2000. The parties stipulated at trial that Brock is an offender required to register under Indiana Code section 11-8-8-7 because his previous conviction is for a crime listed under Indiana Code section 11-8-8-5. Exhibit Index, Volume 1 at 4.

[3] On April 26, 2018, Brock was released from the Lawrence County Jail on an unrelated matter. He went to the Lawrence County Sheriff's Department that day to register as required. There, he received a registration form that notified him of his obligations pursuant to Indiana Code chapter 11-8-8, including that if he was homeless, he was required to register in person at the sheriff's department at least once every seven days until he found a permanent address. *See id.* at 6, ¶ 7. The form also notified him that knowingly or intentionally failing to register as required is a felony. *See id.* at 7, ¶ 17. Brock initialed each page of the form and signed the last page, attesting that he understood his duties and obligations. *See id.* at 6-8. Brock also signed a form specifically for

offenders who are homeless or have a temporary residence and indicated that he was homeless. *See id.* at 9. This form also notified Brock that he was required to register in person at least once every seven days until he finds a permanent address. *See id.*

[4] Brock should have returned to the sheriff's department to re-register by May 3.[1] However, he did not return until May 11, at which time he registered with Lawrence County but also informed the offender coordinator that he was going to move to Orange County and register there. Brock did in fact register in Orange County for the first time on May 11. He re-registered in Orange County on May 17.

[5] On May 21, 2018, the Lawrence County Prosecutor's Office charged Brock with failure to register as a sex or violent offender for knowingly failing to register as required by law between May 3, 2018 and *May 11*, 2018, and also gave notice of its intent to seek an enhanced penalty due to a prior conviction for failure to register. *See* Appellant's Appendix, Volume Two at 10, 12. On August 1, 2018, the State moved to amend the information to allege that Brock knowingly failed to register between May 3, 2018 and *May 10*, 2018. The trial

---

[1] The Lawrence County offender coordinator testified that at this time, he was the only coordinator and he was off on Tuesdays and Wednesdays. If an offender came in on one of those days, the offender would fill out a form to indicate he had appeared in person at the office and the coordinator would contact them when he returned to work. May 3, 2018 was a Thursday and the coordinator testified that Brock did not come in to register or otherwise contact the coordinator on that day or any day thereafter until May 11, a Friday. The coordinator completed a report on May 11 describing his interactions with Brock and forwarded a copy of his report to the Lawrence County Prosecutor's Office.

court granted the motion to amend. The State filed a second amended information shortly before trial alleging only that Brock was "an offender" rather than a "sex or violent offender" in response to various pre-trial rulings, but again alleged that he knowingly failed to register as required by law between May 3, 2018 and *May 11*, 2018. *See id.* at 73. The second amended information was read to the jury at trial. *See* Transcript of Evidence, Volume 2 at 11 (preliminary instructions) and 73 (final instructions).

[6] After the State rested its case in chief, Brock moved for a directed verdict because "[t]he charge alleges a specific date range between May 3 and May 11. The evidence that's been presented is that on May 11, not only did [Brock] register in Lawrence County, he also registered in Orange County. So based on that, . . . I don't think the State has provided sufficient evidence to sustain a conviction[.]" *Id.* at 42. The State responded that it did not think it was "necessary in this case [to] allege any other date beyond May 3, because the second [Brock] failed to register on May 3 . . . he was guilty of the alleged offense." *Id.* The State also noted that it was merely a scrivener's error: "The original information alleged that date, May 3 to May 11. The State amended that date to be May 3 to May 10, and then through a typo, when the State moved to amend the newest information to take out prejudicial information . . . the original information was accidentally used instead of the newest amended information." *Id.* at 42-43. Brock responded that the State was "bound by their charging information" and expressed that "this is some sort of trial strategy on

behalf of the State that is extremely prejudicial to [Brock]." *Id.* at 43. The trial court denied Brock's motion.

The jury found Brock guilty of failing to register as a Level 6 felony. Brock then waived a jury trial for the enhancement phase and the trial court found that he had a prior unrelated conviction for failing to register. The trial court therefore entered judgment of conviction for failure to register as a Level 5 felony and sentenced Brock to 365 days in the Department of Correction, with 278 days credit and the remaining 87 days suspended to probation. Brock now appeals his conviction.

# Discussion and Decision

## I. Standard of Review

Our standard of review for sufficiency of the evidence claims is well settled. *D.J. v. State*, 88 N.E.3d 236, 241 (Ind. Ct. App. 2017). Upon review, we do not reweigh the evidence or judge the credibility of the witnesses. *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017). We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom. *Id*. We will affirm a defendant's conviction if "there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Stewart v. State*, 866 N.E.2d 858, 862 (Ind. Ct. App. 2007).

# II. Sufficiency of Evidence

[9] As noted above, the parties stipulated that Brock was required to register under Indiana Code section 11-8-8-7. Brock did appear in Lawrence County as required on April 26, 2018, and registered as "homeless." Indiana Code section 11-8-8-12(c) states that offenders who do not have a permanent address or temporary residence "shall report in person to the local law enforcement authority in the county where [they] reside[] at least once every seven (7) days to report an address for the location where [they] will stay during the time in which [they] lack[] a principal address or temporary residence." Therefore, Brock was required to return to the Lawrence County Sheriff's Department by at least May 3, 2018, to re-register. The forms he signed on April 26 indicate he was informed and aware of this requirement. After registering on April 26, Brock did not return to the Sheriff's Department until May 11.

[10] The offense of failure to register is proven by evidence the offender "knowingly or intentionally . . . fail[ed] to register when required to register[.]" Ind. Code § 11-8-8-17(a)(1). Brock does not challenge the State's evidence that he knew he was required to report to the Sheriff's Department to re-register by May 3 or that he did not report on that day. Instead, emphasizing the word "when" in the statute defining the crime of failure to register, Brock claims that "time is a critical element of the statutory framework governing registration," and because the State failed to prove that he "did not register on a date specifically alleged in the Second Amended Charging Information[,]" the State failed to prove he committed the offense of failure to register. Brief of Defendant-Appellant at 6-

7. In other words, Brock claims that because the charging information read to the jury alleged he failed to register between May 3 and May 11, 2018, the State was required to prove that he did not register on any date between *and including* May 3 and May 11. It is uncontested that Brock *did* report and re-register in Lawrence County on May 11.

[11] We disagree with Brock's premise for two reasons. One, time is of the essence to this offense only in the sense that it cannot be charged until the statutory amount of time (here, seven days) has passed without registration. The length of time Brock remained unregistered thereafter is irrelevant, because the crime of failure to register was complete when Brock failed to report in person to the Lawrence County Sheriff's Department within seven days of April 26 to re-register. Essentially, if the State were so inclined, it could charge an offender on the eighth day with failure to register. Further, a variance between the date alleged and the State's proof at trial does not generally mandate acquittal or reversal. *Sangsland v. State*, 715 N.E.2d 875, 879 (Ind. Ct. App. 1999), *trans. denied*. A variance is only fatal if it misleads the defendant in the preparation of his defense or subjects him to the likelihood of another prosecution for the same offense. *Reinhardt v. State*, 881 N.E.2d 15, 17 (Ind. Ct. App. 2008). Brock does not allege he was misled in the preparation of his defense by the alleged variance. And the alleged variance does not leave him vulnerable to double jeopardy as it covers every day that he remained unregistered.

[12] Two, semantically speaking, "between May 3, 2018 and May 11, 2018" does not include May 11. "If an act is to be done 'between' two certain days, it must

be performed before the commencement of the latter day."
https://thelawdictionary.org/between/ [https://perma.cc/U2J6-5QKM]; *see also Fry v. Hoffman*, 54 Ind. App. 434, 102 N.E. 167, 168 (1913) (noting that the word "between" "when used to define a period of time bounded by two other periods, such as between two named days, excludes the days specified at the beginning and at the ending of the period"). To illustrate this point, Brock could have registered at any time up to and including May 3 and he would not have been guilty of this offense. Thus, he did not become guilty of failure to register until May 4 when he remained unregistered. And indeed, the charging information alleges Brock failed to register *between* May 3 and May 11. Brock's argument is inherently contradictory because he challenges only the inclusion of May 11 as problematic when, if his logic applied, the inclusion of May 3 would also be in error.

[13] The State proved that Brock knew of his obligations to register and the time frames for doing so. The State further proved that Brock failed to register in a timely fashion. The State therefore proved that Brock was guilty of failure to register.

# Conclusion

[14] That State proved by sufficient evidence that Brock knowingly failed to register when he was required to register. Accordingly, his conviction is affirmed.

[15] Affirmed.

Bradford, C.J., and Altice, J., concur.