Nov. Term,
1855.

WITTER and Another *v.* TAYLOR.

WITTER
*v.*
TAYLOR.

If the affidavit for a change of venue, in a civil cause, is in substantial confor-
mity to the statute, the duty of the Court to grant it is imperative. Counter
affidavits are not admissible; nor can the personal knowledge of the judge
in relation to the facts sworn to, be allowed to affect the application.

An affidavit, before a judge of Common Pleas, for a change of venue, alleged
as the ground of the application, that the judge had been engaged as coun-
sel for the adverse party, &c., without alleging, in the words of the statute,
that the engagement was "prior to his election as judge," &c. *Held*, not-
withstanding, that the affidavit was sufficient.

*Friday,*
*November* 30.

APPEAL from the *St. Joseph* Court·of Common Pleas.

STUART, J.—*Taylor,* assignee of *Deming,* sued *Witter*
and *Miller,* partners, &c., on a promissory note. Trial by
the Court. Finding and judgment for the plaintiff for
633 dollars.

During the progress of the cause, an exception was
taken to the opinion of the Court in overruling a motion
for a change of venue.

*Witter,* one of the defendants, filed an affidavit to the
effect that judge *Egbert,* before whom the action was
pending in the Common Pleas, had been engaged as
counsel for the plaintiff in the cause, as law partner of
*W. G. George,* the plaintiff's attorney of record; and that
therefore he believed that said defendant could not have a
fair trial; requesting a change of venue to the *St. Joseph*
Circuit Court.

While the motion for a change of venue was pending,
*Taylor,* the plaintiff below, filed the affidavits of *Nicar,*
his agent, and *George,* his attorney, controverting the fact
chiefly relied upon in *Witter's* affidavit. It is not impor-
tant to state the various motions and rulings which fol-
lowed. The motion for a change of venue was overruled.

To this opinion the defendants excepted, and this is one
of the errors assigned.

Applications for change of venue, in civil cases, are not
addressed to the discretion of the Court. Like surety to
keep the peace, they are measured more by the feelings of
the party making the application, than by any distinctive
features which the Court might recognize as a just ground

of apprehension. If the affidavit is in substantial conformity to the statute, the change must be granted. The statute is explicit. The "*may*" as there used, is clearly imperative and not discretionary. 2 R. S., p. 74.

The article on change of venue in civil cases, so far as it is applicable to the question before us, reads—

" SEC. 207. The Court, in term, or the judge, in vacation, may change the venue of any civil action, upon the application of either party, made upon affidavit, showing one or more of the following causes, viz.:

"*First*. That the judge has been engaged as counsel in the cause, prior to his election or appointment as judge, or is otherwise interested in the cause." 2 R. S., p. 74.

This is the reason attempted to be assigned by *Witter*, but the language of the statute is not strictly pursued. It is indeed alleged that judge *Egbert* had been of counsel, &c. But the words "prior to his election as judge," &c., are omitted. These words do not seem applicable to the present case. The chief fact to be alleged is the employment as counsel. If so employed, it would not seem to be very material when—whether before or after his election. For instance, the Common Pleas judge may practice in the Circuit and Supreme Courts. 2 R. S., 23. If, after the election of judge *Egbert*, this note had been placed in the hands of *Egbert* and *George*, as law partners, for collection; if they had sued in the Circuit Court and been nonsuited; if the suit were then instituted by one partner as attorney before the other as judge, no prudent litigant, whatever might be his faith in judicial integrity, could stifle his apprehensions. The supposed case would be clearly within the spirit and meaning of the law. And yet, like the case at bar, he could not say that the judge was of counsel before his election. The Courts would justly hold such a state of facts to be within the statute, and therefore entitling the party to a change of venue.

The affidavit explains why the belief of the judge's interest in the cause is entertained; namely, because he is the law partner of *George*, the attorney of record for *Taylor*.

The right of the judge of Common Pleas to practice in the higher Courts, is so far unfortunate as it may often place that officer in a doubtful position towards causes pending in the Court over which he presides. It is easy to imagine how he may often be innocently entangled. That, it is hoped, is the fact here. Yet it is equally easy to see very plausible grounds why parties should be apprehensive whether a fair trial could be had before such an officer.

Hence the necessity that so important an auxiliary to the pure and impartial administration of justice, should be liberally regarded by the Courts.

Especially should the practice of admitting counter affidavits be discouraged. It is a practice which happily has never found favor with the legislature or the Courts of this state. Such a practice is certainly not provided for in the act. It would be contrary to all our past history to tolerate it. It was clearly very far from the intention of the legislature to institute a dangerous contest of affidavits. The basis on which to move for a change is the affidavit of the party. On that, and that alone, the Court must act. If any one of the statutory requirements is complied with, the duty of the Court is imperative.

Something is said about the personal knowledge of the Court. But the position is wholly unsound. Even though the judge, in this instance, knew every word of the affidavit to be false, that is nothing to the purpose. He is not to establish a vicious principle, even to accomplish a desirable end. His personal knowledge is like that of a juror who has not been sworn to testify, to his fellow jurors. The judge is not at liberty to predicate any judicial action upon it. The rights of parties do not depend upon his private knowledge. They are to be determined solely by what is judicially adduced in due course of law. This office, in applications for change of venue, the affidavit alone can perform.

If the party commits perjury in the affidavit, he subjects himself to the consequences. He takes his change at his peril.

It is proper to add, that *Witter* had some just grounds of apprehension, as disclosed in the record and argument. It is admitted in the affidavit of *George* that he and judge *Egbert* were partners for the practice of law in the higher Courts. It is further admitted in argument that judge *Egbert* had presented the note in suit to the makers for payment. These two facts very naturally suggest the inquiry, why judge *Egbert* presented the note for payment, if it was not under his control for collection.

Under the circumstances, we are of opinion the affidavit was good, and that the Court erred in refusing the change of venue.

The other errors assigned are not material to be considered.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*A. G. Deavitt*, for the appellant.
*W. G. George*, for the appellee.