## RISHER ET AL. *v.* MORGAN ET AL.

PLEADING.—*Complaint.*—*Promissory Note.*—A complaint in the ordinary form, upon a promissory note, setting out a copy of the same, is sufficient.

VENUE.—*Change from County.*—*May be Refused till Issue Formed.*—*Practice.*— Where a rule to answer is pending against a defendant, the court may refuse to pass upon his application for a change of venue from the county, until he has discharged such rule.

SAME.—*Judgment for want of Answer.*—Where in such case the defendant, insisting upon such change, refuses to discharge such rule, judgment against him may be rendered as upon a default.

From the Clay Circuit Court.

*G. D. Teter* and *H. Teter*, for appellants.

*G. A. Knight* and *C. H. Knight*, for appellees.

WORDEN, J.—Action by the appellees, against the appellants, upon promissory notes, executed by the defendants to the plaintiffs. Judgment for the plaintiffs.

The following supposed errors are assigned:

1st. Overruling demurrer to the third paragraph of complaint;

2d. Overruling appellants' motion for a change of venue; and,

3d. Rendering judgment for the appellees, over the objection of the appellants.

The third paragraph of the complaint was in the ordinary form of a complaint on a note, setting out a copy, and was good.

There is no substance in the first assignment of error.

The second and third errors assigned may be considered together.

The defendants had been ruled to answer, but, before discharging the rule, they filed an affidavit and motion for a change of venue from the county. The court declined to pass upon the motion for a change of venue, until the defendants should have filed their answer; and the defendants refused to answer until the court should have passed upon the motion for a change of venue. The defendants thus refusing to answer, judgment was taken against them as for the want of an answer.

There was no error in these proceedings. The court was not bound to pass upon the motion for a change of venue until an issue of fact was formed. *Matlock* v. *Fry*, 15 Ind. 483; *Dawson* v. *Vaughan*, 42 Ind. 395.

The defendants having failed and refused to answer within the time prescribed, judgment was properly rendered as upon a default. 2 R. S. 1876, p. 67, sec. 69.

There is no error in the record.

The judgment below is affirmed, with costs and five per cent. damages.