No. 8836.

## JONES ET AL. *v.* RITTENHOUSE.

PROMISSORY NOTE.—*Consideration.*—*Dismissal of Cause.*—The dismissal of a pending cause is a sufficient consideration for a promise to pay a sum of money.

CHANGE OF VENUE.—*Judge.*—*Rule of Court.*—*Practice.*—A rule of court, that an application for a change of venue or of judge can not be made after the second day of the term, is valid.

From the Ripley Circuit Court.

*G. Durbin, S. M. Jones, E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*J. O. Cravens,* for appellee.

BICKNELL, C. C.—The appellee filed a complaint against the appellants in three paragraphs. A demurrer was sustained to the second paragraph, and no question arises thereon. The first paragraph alleges that the plaintiff had a suit pending against the defendants in said Ripley Circuit Court, and that they, in February, 1877, promised to pay her one hundred dollars on September 1st then next, if she would dismiss said suit at their costs; that the plaintiff accordingly did so dismiss said suit, but defendants have not paid the money, nor any of it, but have refused so to do. At the February term of said court, 1879, a change of judge was granted to the defendants on the application of the defendant Levi.

On the 24th day of the September adjourned term the parties appeared in court before William D. Ward, the appointee to try the cause, and the defendants filed separate demurrers to the first paragraph of the complaint for want of facts sufficient. These demurrers were overruled. The third paragraph of the complaint counted upon a joint note for $100, dated February 20th, 1877, payable on September 1st then next, to the plaintiff, and signed, "Isaac Levi, Samuel M. Jones, security." On the 27th judicial day of said adjourned term the defendants moved for a change of judge, and in support of said motion filed an affidavit of the defendant Jones, alleging bias and prejudice against him on the part of said William D. Ward. This motion was overruled. The defendants jointly answered the first paragraph of the complaint by a general denial.

The defendant Levi answered the third paragraph of the complaint by three paragraphs, to wit:

1. Failure of consideration.

2. Payment.

3. Partial payment.

The defendant Jones answered said third paragraph of the complaint by a plea of partial payment. The plaintiff replied in denial of the special defences. A jury returned a verdict for the plaintiff. Judgment was rendered thereon over a motion for a new trial by defendants, and they appealed. They assign errors:

1. Overruling the motion for a change of venue.

2. Overruling the motion for a new trial.

3. Overruling the demurrer to the first paragraph of the complaint.

The complaint was sufficient; it shows that the defendants received all the consideration which they voluntarily and knowingly contracted for. *Baker* v. *Roberts*, 14 Ind. 552; *Major* v. *Brush*, 7 Ind. 232; *Hardesty* v. *Smith*, 3 Ind. 39. Upon a ruling on an application for a change of venue, error can not be assigned; such matter belongs to the motion for a

Jones *et al. v.* Rittenhouse.

new trial. *McCorkle* v. *State*, 14 Ind. 39; *Wiley* v. *Barclay*, 58 Ind. 577; *Walker* v. *Heller*, 73 Ind. 46.

Of the eighteen reasons alleged for a new trial, the appellants, in their brief, discuss only one, to wit: " That the court erred in overruling the defendants' motion for a change of venue from the judge herein." The other reasons are therefore regarded as waived.

The bill of exceptions shows that one of the rules of said court was that " an application to change the venue from the county or the trial from the judge will not be entertained after Tuesday, the second day of the term." The bill of exceptions also shows that in the present case the motion for the change of judge was made after the second day.

Circuit courts have power to make rules " not repugnant to the laws of this State." 2 R. S. 1876, p. 9, section 14. In *Krutz* v. *Griffith*, 68 Ind. 444, this court said: " It has been repeatedly decided by this court, * that a rule of court requiring that an application for change of venue, or change of judge, must be made on or before a day specified, *, and providing that, if not thus made, it will not be entertained or allowed, is 'not repugnant to the laws of this State,' and is such a rule as the circuit courts are authorized to make. *Redman* v. *The State*, 28 Ind. 205; *Galloway* v. *The State*, 29 Ind. 442; *Whittem* v. *The State*, 36 Ind. 196; *Truitt* v. *Truitt*, 38 Ind. 16; *Jeffersonville, etc., R. R. Co.* v. *Hendricks*, 41 Ind. 48; and *Bennett* v. *Ford*, 47 Ind. 264."

There was, therefore, no error in overruling the motion for a change of judge. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants, with ten per cent. damages.