## WILLIAM A. STANTON

*v.*

## FRANK KINSEY *et al.*

*Filed at Ottawa, June 19, 1894.*

1. APPEAL—*from Appellate to Supreme Court—when it lies.* An appeal lies from the Appellate Court to the Supreme Court when there has been no trial of an issue of fact in the trial court, and the amount claimed in the pleadings exceeds $1,000.

2. A judgment was rendered in the Circuit Court for costs, on demurrer to a declaration which claimed $5,000. During the same term the court, on plaintiff's motion, set aside such judgment and allowed a non-suit, which last order was affirmed by the Appellate Court: *Held,* that an appeal lay from the judgment of the Appellate Court to this court.

3. JUDGMENT—*under control of court—during the term entered.* It is a general rule of the law, that all the judgments or other orders of a court are under the control of such court during the term at which they are rendered, or entered of record, and may be modified, set aside or vacated during such term.

4. PRACTICE—*plaintiff's right to take non-suit.* Where no plea of set-off has been filed, and the jury have not retired from the bar, a plaintiff may take a non-suit at any time.

5. SAME—*amendment.* Where a demurrer has been sustained to a pleading, it is within the judicial discretion, and almost a matter of course, to allow an amendment; and where a demurrer to a pleading has been overruled, a like liberal practice prevails in this State, and it is almost or quite a matter of course to allow the party demurring to plead over.

6. When the trial court, during the same term, set aside an order sustaining a demurrer to the plaintiff's declaration, and a judgment for the defendant, on plaintiff's motion, and allowed the plaintiff to take a non-suit without notice to the defendant, notwithstanding a special rule of the court requiring notice of *contested* motions: *Held,* that there was no error in allowing the motion without notice to the defendant.

WRIT OF ERROR to the Appellate Court for the First District:—heard in that court on writ of error to the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. James A. Peterson, for the plaintiff in error:

The Supreme Court has jurisdiction of this writ of error. R. S. 428; Hurd's Stat., ch. 37, sec. 25.

No voluntary non-suit after a verdict, *a fortiorari,* after judgment. Hurd's R. S. of 1891, ch. 110, sec. 50; *Ross* v. *Chicago,* 12 Ill. 366.

No court can set aside a judgment, unless good and sufficient cause be 'shown, supported by affidavit. Hurd's Stat., Practice Act, sec. 40, p. 1047; 1 Black on Judgments, 305.

Appellate Courts will review orders entered by the courts below within their discretion, when they have abused it. Freeman on Judgments, sec. 106; *Baily* v. *Taafe,* 29 Cal. 422; *Scrafield* v. *Sheeler,* 18 Brad. 507.

The Circuit Court of Cook county can not enter an order or judgment, unless the party be present or have notice of the application, especially on the subject-matter of a contested motion. Rules 13 and 19 of Circuit Court; *Hall* v. *O'Brien,* 4 Scam. 410.

A motion to set aside a judgment is a contested motion, and not "of course." Bouvier Law Dictionary, vol. 2, 254; Anderson Law Dictionary, 691.

The judgment of the Circuit Court of February 6, 1892, held that the instrument set up *in hœc verba* in the declaration was not a bond, because it was not under seal, is correct and should stand. *Chilton* v. *People,* 66 Ill. 501.

Messrs. Tenney, Church & Coffeen, and Mr. Charles S. Wells, for the defendants in error:

The writ of error does not lie to the Supreme Court. R. S. Starr & Curtis, 702, sec. 8; *Lewis* v. *Shear,* 93 Ill. 121; *McGuirk* v. *Burry,* 93 id. 118; *Hancock* v *Tower,* 93 id. 150; *Moore et al.* v. *Williams et al.,* 132 id. 591; *Moore* v. *Sweeney,* 128 id. 204.

Courts during the same term have unlimited control of their orders and judgments. Freeman on Judgments, sec.

90; Black on Judgments, sec. 346; *Frink* v. *King*, 3 Scam. 144; *Stahl* v. *Webster*, 11 Ill. 511; *Coughran* v. *Gutcheus*, 18 id. 390; *Bolton* v. *McKinley*, 22 id. 203.

Mr. Justice Baker delivered the opinion of the Court:

This was an action of debt brought by Frank Kinsey and Thomas J. Callinan, firm of Kinsey & Callinan, defendants in error, against William A. Stanton, plaintiff in error, in the Circuit Court of Cook County. The suit was upon an instrument in writing, and the debt stated in the declaration was $5,000, and the damages claimed therein were $5,000.

A demurrer was filed to the declaration. On February 6, 1892, the following order and judgment were rendered in the cause: "This cause coming on to be heard upon the demurrer to the plaintiff's declaration filed in said cause, after argument of counsel and due deliberation by the court, said demurrer is sustained. Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff, his costs and charges in this behalf expended, and have execution therefor." And on February 8, 1892, and at the same term of court, the following order and judgment were entered in the suit: "On motion of plaintiff's attorney, it is ordered that the order and judgment heretofore, on February 6, 1892, entered herein be, and the same is hereby set aside and vacated, and this suit dismissed at plaintiff's cost. Therefore it is considered by the court, that the defendant do have and recover of and from the plaintiffs, his costs and charges in this behalf expended, and have execution therefor." Thereafter, on February 9, 1892, and at the same term of the court, the defendant in the action appeared in court, and excepted to the action of the court in the premises, and prayed an appeal to the Appellate Court of the First District, and took a bill of exceptions.

Such proceedings were then had in the Appellate Court, as that the order and judgment of February 8, 1892, in the

Circuit Court were affirmed. The present writ of error is sued out for the purpose of reversing the judgment of affirmance entered in the Appellate Court.

Prior to the submission of this cause to this court a motion was entered by defendants in error to dismiss the writ of error sued out herein, for want of jurisdiction in this court to issue such writ. It is provided, among other things, in section 8 of the Appellate Courts act, as amended and in force July 1, 1887 (L. 1887, p. 156; R. S. (Hurd,) 1891, ch. 37, pp. 428, 429), that in all cases determined in the Appellate Courts, in actions *ex-contractu*, wherein the amount involved is less than one thousand dollars, exclusive of costs, and in all cases sounding in damages, wherein the judgment of the court below is less than one thousand dollars, exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom, provided, that in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court, where the amount claimed in the pleadings exceeds one thousand dollars. In this case there was no trial on an issue of fact in the Circuit Court, and, as we have above seen, the amount claimed in the declaration exceeded one thousand dollars, and it therefore necessarily follows that it is one of that class of cases which is made reviewable in this court by the amendment of 1887, and that the writ of error herein was properly issued. The motion to dismiss it is overruled.

It is urged that it was error in the Circuit Court to set aside and vacate, on February 8, 1892, its judgment rendered on February 6, 1892, on the demurrer to the declaration, and permit the plaintiffs to take a non-suit. It is a general rule of the law that all the judgments or other orders of a court are under the control of such court

during the term at which they are rendered, or entered of record, and may be modified, set aside or vacated by that court during such term.

It appears from the bill of exceptions that Rules 13 and 19 of the Circuit Court of Cook County are as follows:

Rule 13. "Motions not of course or contested motions, will be heard on any Saturday of each term, after disposition of motions for a new trial on that day, one day's notice in writing having been previously given. The clerk will, from time to time, prepare a calendar of contested motions, upon which such motions will be placed in the order in which notice thereof is given to him.

A peremptory call of such motions will be made when ordered by the court, of which three days' notice will be given in the Law Bulletin."

Rule 19. "All motions shall designate by name the judge before whom the matter therein referred to is to be called up, and no motion or other matter requiring notice will be heard unless the rule is complied with, in absence of the party entitled to notice."

And it also appears from the bill of exceptions that neither the defendant in the court below (plaintiff in error here) nor his attorney, were present in court when the orders and judgment of February 8th were entered, and that there was no evidence before the court of service of notice of the application to the court to set aside the order and judgment of February 6th, and for leave to dismiss the action.

Where no plea of set-off has been filed and the jury have not retired from the bar, a plaintiff may take a non-suit at any time. Where a demurrer has been sustained to a pleading, it is within the judicial discretion, and almost a matter of course, to allow an amendment; and where a demurrer to a pleading has been overruled, a like liberal practice prevails in this State, and it is almost or quite a

20—151 ILL.

matter of course to allow the party demurring to plead over.

It is evident from the rulings and action of the Circuit Court in the premises, that in the opinion of that court a motion to set aside a judgment on a demurrer to a declaration, and for leave to take a non-suit is not, within the contemplation of the special rules of practice that prevail in that court, to be regarded as a contested motion, but on the contrary thereof is to be regarded as a motion of course. It is to be presumed that a court that promulgates special rules for the transaction of business in such court, and is almost continuously engaged in administering justice under such rules, and is necessarily and frequently called upon to place a practical construction upon them, is in a better position to interpret them according to their true intent and meaning as understood and intended by the authority that established them, than would be a tribunal that is a stranger to such rules.

It would require a clear and strong case of a violation, or disregard, or misconstruction by the court below of its own special rules of practice, to justify this court in a conclusion that it understood the full scope and meaning of such rules better than the court that promulgated them. No such case appears in this record. The interpretation put upon its rules by the *nisi prius* court, seems to be one that is in furtherance of justice. And that interpretation has received the sanction of the Appellate Court of the First District, a court composed of judges who are also judges either of the Cook Circuit Court or of the Superior Court of Cook County, and it may reasonably be presumed that the same, or similar rules, prevail in the latter court, as obtain in said Circuit Court.

We are unable to say that there is manifest error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*