LEAVELL ET AL. *v.* STATE, EX REL. MARSH.

[No. 1,150.    Filed September 29, 1896.]

PLEADING.—*Action on Official Bond.—Complaint.*—A complaint in an action under Act of June 5, 1883, to recover from the clerk of the court and the sureties on his official bond the amount paid by the State, as fees and charges, to the Attorney-General, need not expressly aver that the money was withheld by the clerk for twelve months before its collection by the Attorney-General, as such fact will be presumed. *p. 76.*

ACTION.—*Official Bond.—Statutes Construed.*—The Act of March 5, 1889 (7692, Burns' R. S. 1894), providing that payment to or collection by the Attorney-General of any funds which county or State officers shall refuse to pay over to the proper custodian, shall not render such officers liable to an action on their bonds by any other officer or person, is limited to liability for the funds so paid over, and does not repeal Act of June 5, 1883, providing for the recovery by the State from such officers and sureties, the amount paid as fees to the Attorney-General. *pp. 77, 78.*

VENUE.—*Application for Change of, Made After Time Fixed by Rule of Trial Court.*—It is not error for the trial court to refuse a change of venue on the ground of local prejudice when the application is made after the time fixed by a rule of the court requiring the application in civil causes returnable on or after the fourth day of the term, and providing that applications subsequently made will not be entertained. *pp. 79–83.*

SAME.—*Application for Change of Venue Made by One of Several Co-parties.*—A defendant cannot complain of the denial of the application for a change of venue on the ground of local prejudice, made by a co-defendant alone, although the affidavit states that the latter makes the motion for all the defendants. *p. 81.*

NEW TRIAL.—*Joint Motion For.*—A joint motion by several co-parties for a new trial must be well taken as to all the parties joining in it or there will be no error in overruling it. *p. 83.*

From the Randolph Circuit Court.    *Affirmed.*

*George H. Ward, J. S. Engle, Watson & Watson* and *Goodrich & Macy,* for appellants.

*Benjamin F. Marsh,* for appellee.

REINHARD, J.—The complaint, to which a demurrer was overruled, alleges, in substance, that the appellant was duly elected and qualified as clerk of the Randolph Circuit Court, and as such executed to the State of Indiana his official bond, a copy of which is filed with the* complaint, in the penalty of $30,000 with the other appellants as sureties; that while acting as such clerk and in the performance of his official duties in said office, between the 22d day of August, 1885, and the 5th day of March, 1889, the said Leavell collected large sums of money to wit:

| | |
|---|---:|
| Court Docket fees | $4 000 |
| Fines and Forfeitures | 6 000 |
| Unclaimed Witness Fees | 1 000 |
| Jury Fees | 1 000 |
| Money in Estates and Guardianships unclaimed, or money that escheated to the State of Indiana for the want of heirs | 2 000 |
| Making in all | $14 000 |

That it was the duty of the appellant Leavell to report and pay over to the treasurer of the County of Randolph all of said money so collected by him, but that he failed, neglected and refused to pay over said money or any part thereof at the time, and in the manner required by law, and that he allowed said money to remain in his hands until collected by the assistants of the Attorney-General of said State, before the 5th day of March, 1889; that said Attorney-General and his assistants collected of and received from the State as fees and charges for collecting said money from said Leavell the sum of $4,200, which said sum the said Attorney-General and his assistants were entitled by law for collecting the same; that said Leavell by so neglecting, failing and refusing to report and pay said money to the treasurer aforesaid, at

the time and in the manner required by law, did violate the conditions of his said bond to pay to the person entitled to receive the same all moneys that should come into his hands as such clerk during his continuance in office; that because of such violation of said condition of said bond there is now due, owing and unpaid to the State from the appellants the said sum of $4,200, for which he demands judgment.

The act approved April 11, 1885, provides that it shall be the duty of the Attorney-General to ascertain from time to time the amounts paid to any county or state officer or other person, for unpaid witness fees, court docket fees, licenses, money unclaimed in estates or guardianships, fines or forfeitures, or moneys that escheat to the State for want of heirs, or from any other source, when the same is by any law required to be paid to the State or to any officer in trust for the State; and in case of failure, neglect or refusal to so pay such moneys, for twelve months after the cause of action in favor of the State shall have accrued, the said Attorney-General shall institute suit to recover the same. For all collections so made the Attorney-General shall be allowed a commission of 20 per cent. on the first $1,000, 10 per cent. on sums not exceeding $2,000, and 5 per cent. on all sums exceeding $2,000. Acts 1885, p. 192.

The act referred to is amendatory of an act, which took effect March 10, 1873, being an amendment of section 9, of that act. R. S. 1881, section 5668. The provisions of the act of 1885 are identical with those of section 9 of the act of 1873, in so far as they are applicable to the case under consideration.

The act of March 5, 1889, which prescribes the further duties of the Attorney-General makes it the duty of that officer to ascertain from time to time the amounts paid to any county or state officer for un-

claimed witness fees, court docket fees, licenses, money unclaimed in estates and guardianships, fines, penalties or forfeitures, or moneys that escheat to the State for want of heirs, etc., and in all cases where the officers whose duty it shall be to collect the same shall fail, neglect or refuse to do so, after the cause of action in favor of the State shall have accrued, the Attorney-General shall proceed to collect the same by suit, "and the payment to or collection by the attorney-general of any of the funds aforesaid shall not render the said officers liable to an action on their bonds by any other officer or person." Section 7692, Burns' R. S. 1894 (E. S. section 1805).

It is the duty of the clerk of any circuit court, on or before the first day of January of each year, to make out a complete list of all fines and jury fees collected during the preceding year, and of all witness fees, notary fees, justice fees, and all other fees in his hands which have not been claimed for two years, and to pay to such treasurer all money so collected. Section 7935, Burns' R. S. 1894 (5849, R. S. 1881).

By an act of the general assembly which went in force June 5, 1883, it is provided that any State, county or township officer "whose duty it is by law to report and pay over to the State, or any person for the use of the State, any docket fees, fines or forfeitures, license, unclaimed witness fees and jury fees, money unclaimed in estates and guardianships, or moneys that escheat to the State for want of heirs, or any and all other moneys that any such officer is required by law to so report and pay over, who shall fail so to report and pay over any and all such moneys, at the time and in the manner required by law, and who shall allow any such money to remain in his hands until collected by the Attorney-General by suit or otherwise, shall be liable on his official bond for any

and all fees, per cent. and charges of said Attorney-General, to which said Attorney-General shall be entitled by law, for collecting the same, and it shall be the duty of the several prosecuting attorneys, within their respective circuits, to bring suit for the recovery of any such sums, and pay over the same to the proper officers." Section 7568, Burns' R. S. 1894 (R. S. section 1981).

It is contended in the first place that the complaint is insufficient because it fails to aver when the appellant Leavell collected the moneys alleged to have been paid over by him to the Attorney-General. If we correctly understand counsel's argument, their position is that if the law of 1885 is applicable, it must appear that this money was in the hands of the clerk for at least a year before he paid it over to the Attorney-General, for under the provisions of that statute the Attorney-General is authorized to collect it only after the expiration of that period of time; but that if the law of 1889 governs and that of 1885 is repealed, then the prosecuting attorney can not bring such an action as this because the act of 1889 expressly provides that the payment to the Attorney-General by the clerk shall not render the latter liable to an action on his bond.

It is true that the statute of 1885 gives the clerk twelve months after collections by him in which to pay over to the treasurer the moneys mentioned in the complaint. But we do not think the complaint subject to demurrer because it fails to specify the time when these moneys came into the clerk's hands. It is averred that he failed, neglected and refused to pay over said money or any part thereof at the time and in the manner required by law, but allowed the same to remain in his hands until collected by the Attorney-General and his assistants. We think the collection

by the Attorney-General here referred to means a legal and not an illegal collection, and that it was paid over at a time when the latter was in duty bound to collect it. This construction we think fairly inferable from the complaint when its averments are considered as a whole. Otherwise we should have to presume that both the clerk and the Attorney-General violated their duty by transferring the custody of these funds into the hands of an illegal custodian.

Nor are we able to agree with counsel in the contention that the act of 1889 exempts the clerk from liability to be sued on his official bond for the failure to pay such funds to the proper treasurer in case the State has incurred loss in the way of fees to the Attorney-General by reason of such failure of the clerk. It was the duty of appellant, Leavell, on or before the first day of January of each year, to report and pay over to the county treasurer the moneys specified in the complaint, and when he failed to do this, the provisions of the act of 1889, *supra*, made it the duty of the Attorney-General to collect them from him, for which the Attorney-General was entitled to certain fees specified in said act; and by virtue of the law of June 5, 1883, above referred to, it is made the duty of the prosecuting attorney to bring this action on the official bond of the appellant, Leavell, to reimburse the State for the fees and charges of the Attorney-General which it incurred by reason of the failure of said appellant to perform his duty. It is true the act of 1889 provides that when the clerk shall have paid over to the Attorney-General the money which the former should have paid to the treasurer, such clerk shall not be liable on his bond in an action by any other officer or person. But this exemption from liability doubtless has reference to a liability for a second payment, to some other officer of the State, of the money already

paid to the Attorney-General, in case the latter official should fail to account for it properly. Every statute must be construed according to its spirit and reason, and it would be doing violence to good sense and common honesty to assume that the Legislature intended to place a premium on the malfeasance of officers by taking away a remedy previously given the State for losses that might be sustained by reason of such malfeasance. It is, on the other hand, in consonance with reason and fair dealing to assume that the law makers intended to protect the clerk or other officer in the payment of money to an officer not usually intrusted with the collection of such funds in the ordinary course of his official functions. It was this motive, we think, which prompted the insertion of the clause exempting the clerks or other officer from liability on his bond to any other officer, and not the desire or intention of doing away with a just remedy previously given for losses that might be sustained by reason of the officer's negligence. To construe the act of 1889 as appellant contends it should be construed would be to hold that the law of 1883, making it the duty of the prosecuting attorney to institute such an action as this, was repealed by implication. Repeals by implication are not favored, and when both statutes may well stand together, it is the duty of the courts to construe them *in pari materia*. *Sosat* v. *State*, 2 Ind. App. 586; *Wright* v. *Board*, 82 Ind 335; *Leonard* v. *City of Indianapolis*, 9 Ind. App. 262.

We hold, therefore, that the act of 1883 is still in force and the prosecuting attorney was authorized to bring this action and to maintain it notwithstanding the enactment of the law of 1889 referred to. This construction renders it immaterial to the decision of the question now before us whether the act of 1885, *supra*, is repealed by that of 1889 or not, for if the ap-

pellant's liability accrued under the act of 1889, construed in connection with section 7935, Burns' R. S. 1894 (5849, R. S. 1881), that is to say, if the appellant, Leavell, failed to report and pay over to the county treasurer by the first day of January, the moneys specified in the complaint, provided they had been collected by him before that date and by reason of such failure the Attorney-General collected them from him, thus subjecting the State to the payment of certain fees and charges, then the appellants are liable even though the act of 1885 has been repealed by that of 1889.

The demurrer was, therefore, correctly overruled.

The appellant, Leavell, filed an application for a change of venue which was overruled and it is insisted that such ruling constituted reversible error.

The affidavit upon which the application was predicated is as follows, omitting the caption:

"Richard A. Leavell, being duly sworn upon his oath, says he is one of the defendants in the above entitled cause; that said cause of action is for alleged breaches of the bond of affiant as clerk of the Randolph Circuit Court, and that affiant is the principal defendant and that all the other defendants are sureties on his said bond; that he makes this affidavit for and on behalf of all the defendants in said action, and affiant says that he believes an odium attaches to him and his defense to said cause, on account of local prejudices, and that he and his co-defendants can not have a fair and impartial trial of said cause in Randolph County, where pending, on account of said odium and local prejudice so attaching to him and his defense to said cause. Wherefore he asks that the venue of said cause be changed from said county."

The affidavit was properly signed and sworn to by Leavell before a notary public of Cook county, Illinois.

This affidavit was filed in the Randolph Circuit Court on the 8th day of September, 1892, which was the fourth day of the September term, 1892, of said court. No other motion or application for such change of venue accompained the affidavit at that time. It will be seen from the language of the affidavit, that although it attempts to make the ground of the motion applicable to all the defendants, and states that it is made on behalf of all the defendants, yet the prayer for the change is by Leavell alone; and the record discloses that it was filed by Richard A. Leavell.

Afterward, on the 20th day of October, 1892, the same being the fortieth day of said September term of court, all the defendants in the cause filed a written motion in said court based upon said affidavit for a change of venue, which motion is as follows, with the caption omitted:

"Now come all of the defendants in said above entitled cause, and move the court to grant them a change of venue upon the affidavit of the defendant, R. A. Leavell, now on file from said county of Randolph." This application was signed by the attorneys for the defendants.

Thereupon the court overruled said motion and refused to change the venue of said cause, to which ruling of the court the defendants at the time excepted.

It will be borne in mind that there was no ruling by the court upon any application for a change of venue until after the filing of the motion last above set forth, and that said motion was not filed until the fortieth day of the term. The record further recites that at the time the affidavit was filed "and continuously from the commencement of this suit until this time, there was and still is in full force and effect in said Ran-

Leavell *et al. v.* State, *ex rel.* Marsh.

dolph Circuit Court a set of rules for the government of said court and the business thereof, which rules were before said time duly entered and recorded in the order book of said court, and that one of said rules so in force and of record at said time in said court was and is in the following language to wit:

"In civil cases returnable on or after the fourth day of a term, applications for changes of venue or changes of judge must be made on or before the fourth day of the term, and will not be entertained afterwards."

Hence, if the validity of the motion for a change of venue depended upon the filing of the application by all the defendants, that is to say, if the motion for the change could be entertained only upon the filing of said application, and the rule above set out was valid, and such as the court had the right to make and enforce, it being filed long after the day to which the filing of such applications was limited, the refusal to grant the change was properly made and the court committed no error. If, on the other hand, the said application was not essential to the validity of the motion, or if the rule of court was for any reason invalid, and the affidavit itself was all that was necessary to entitle the defendants, or the defendant Leavell to the change of venue, then the court erred in refusing to grant the same.

The question whether the trial court has the power to adopt and enforce a rule of the character of the one now under consideration is no longer an open one, and as a general proposition it is settled that it is not error to refuse a change of venue when the application is made after the time fixed by such a rule of court within which the motion shall be made. *Moulder* v. *Kempff*, 115 Ind. 459; *Lott* v. *State*, 122 Ind. 393; *Jones*

VOL. 16—6

v. *Dipert*, 123 Ind. 549. Where the affidavit shows, however, that the grounds upon which the change is asked was not discovered until after the day fixed by the rule, the party is entitled to the change, and it is not necessary for such party to show that he used proper diligence to discover the cause within the time. *Ogle* v. *Edwards, Admr.*, 133 Ind. 358.

In the present case it is not shown or claimed that the ground for the change was not known on or before the fourth day of the term.

It follows that if there was in fact no proper application for a change of venue until after the fourth day of the term, such application came too late.

We come then to the question whether the application filed by all the defendants was necessary, or whether the affidavit was itself a sufficient application to entitle the party or parties to such change of venue.

Ordinarily it is not necessary that a separate motion or application in writing for a change of venue should accompany the affidavit. The affidavit itself is a sufficient application if it otherwise conforms to the legal requirements.

The cause assigned in the motion for a new trial as error in overruling the application is by all the defendants collectively. The motion for a new trial is a joint motion by all; but there is no separate motion for a new trial by the appellant Leavell in the record. Indeed there was no ruling by which a change of venue was refused to Leavell or any other single defendant. The only motion ruled upon was that of all the defendants which was made after the fourth day of the term.

The application contained in the affidavit, as we have seen, was made by Leavell alone, and not by all the defendants, although the affidavit states that he

makes the motion for all. If it was necessary that all the defendants should join in the motion, then the the application contained in the affidavit was insufficient, because it was an application only by Leavell and not by all the defendants. There is a wide difference between a motion by one defendant *for* all, and a motion *by* all the defendants.

If we must look to the affidavit alone for the application then the effect of the court's ruling was to deny the application of the defendant, Leavell, alone and not that of all the defendants for they made no such application in the affidavit. The recitals of the records show that Leavell alone filed the affidavit and whatever motion or application it contained. The record states as follows: "Comes now the defendant Richard A. Leavell and files his motion, supported by affidavit for a change of venue," etc. Clearly, therefore, up to and including the time of the filing of the affidavit there was no application for a change of venue by any defendant except Leavell.

Now it seems equally clear that if any error was committed in the overruling of the application contained in the affidavit, such error affected the appellant Leavell alone, and the defendants jointly could not predicate error upon such ruling. Nothing is better settled than the rule that a joint motion for a new trial must be well taken as to all the parties joining in it or there will be no error in overruling it. Elliott's App. Proced., section 839, and cases cited. Here the motion for a new trial on the ground of the alleged error of refusing a change of venue was made by all the defendants jointly. That it is not well taken as to any of the defendants but Leavell must be obvious, for the other defendants had no such ground to assign.

Whether one of several co-parties is entitled to a

change of venue on his own application we need not decide. It was held in *Peters* v. *Banta*, 120 Ind. 416, 422, that the provision of the statute that a change of venue shall be granted "upon the application of either party" means all the parties on one side collectively, and that there is no error in overruling the application when it comes from one only of two or more co-parties.

We have considered all the questions presented by the record and find no available error.

Judgment affirmed.