ANGLEMYER *v.* BLACKBURN.

[No. 2,280.     Filed November 24, 1896.]

HARMLESS ERROR.—*Pleading.*—*Counterclaim Containing Same Matters Pleaded in Answer.*—Where a defendant recovers on a counterclaim an amount in excess of plaintiff's demand, the overruling of a demurrer to an answer setting up as a defense the same matters pleaded as a counterclaim, if erroneous, is harmless error.

PLEADING.—*Counterclaim.*—A counterclaim that discloses a right to recover on any of the items declared upon therein is not demurrable.

VENUE.—*Application for Change, After Time Fixed by Rule of Trial Court.*—It is not error for the trial court to refuse a change of venue when the application is made after the time fixed by a rule of the court.

From the Miami Circuit Court. *Affirmed.*

*Isaiah Conner, Julius Rowley* and *W. W. McMahan,* for appellant.

*Nott N. Antrim, Robert J. Loveland* and *H. P. Loveland,* for appellee.

REINHARD, J.—The appellant has assigned as errors:

1. The overruling of his demurrer to the fifth paragraph of appellee's answer.

2. The overruling of the demurrer to the appellee's counterclaim, numbered paragraphs 6 and 7, and in each of said rulings.

3. The overruling of appellant's motion for a *venire de novo.*

4. The overruling of the appellant's motion for a new trial.

The appellant instituted this action to recover of appellee an alleged indebtedness of $250.00. The complaint alleges "that on the 7th day of September, 1893, the said parties made an exchange of certain real estate, situate in the counties of Miami and Fulton, in the State of Indiana, and conveyed the same by deed to each other. In making said exchange of real estate, as aforesaid, there was a difference in the value thereof, in favor of the plaintiff, in the sum of $250.00, which said defendant then and there promised and agreed to pay the plaintiff; but plaintiff says said defendant has not paid said sum, nor any part thereof, but that the same, with interest thereon, at six per cent. per annum, is due, but remains wholly unpaid, for which, and all proper relief, plaintiff demands judgment."

In the fifth paragraph of the appellee's answer it is averred that the defendant "admits that on the 7th day of September, 1893, he promised and agreed to pay to said plaintiff the sum of $250.00, as a difference then and there supposed to be due plaintiff upon the exchange of real estate, as alleged in plaintiff's complaint. But defendant says that the consideration for said promise and agreement failed in this, to-wit: that a part of the consideration given defendant for this conveyance to plaintiff of the real estate in Fulton county, referred to in his complaint, and defendant's promise to pay said $250.00, consisted of a lot of lumber situated in a mill yard near the town of Gilead. The undivided half of which mill yard was sold and conveyed by the plaintiff to said defendant, in exchange, in part payment for said Fulton county real estate, which lumber was of the value of $30.03; that a further part of the consideration given to said de-

fendant for his said conveyance to plaintiff, of the real estate in Fulton county, referred to in his complaint, and defendant's promise to pay plaintiff said $250.00, consisted of a lot, to-wit, 39,822 feet of timber, of the value of $323.00; that the plaintiff had not at the time of said agreement, and has not since, any title to said lumber or timber, and has at no time conveyed to said defendant any title thereto, or given him possession thereof, or any part of the same."

There is no averment, either in the complaint or in the answer above set forth, which shows the respective amounts at which the real estate of either party was estimated. The complaint and the answer demurred to, when construed together, disclose the following facts: Appellant conveyed to appellee certain real estate in Miami county, together with certain lumber of the value of $30.03, and certain timber of the value of $323. In consideration of this the appellee conveyed to appellant certain real estate in Fulton county and promised to pay the appellant the sum of $250.00, which he has failed to pay, and for which appellant brings this action. Appellant has failed to deliver the lumber and timber and has no title to the same.

The appellant earnestly insists that this answer is fatally defective in that it attempts to answer the entire complaint when in fact it answers only a part. Whether this pleading is subject to the objections urged or to others that might be named we need not determine. The same matters set forth in the fifth paragraph of the answer are also pleaded as a counterclaim. The verdict of the jury shows that they found for the defendant on his counterclaim, assessing the damages at $300.00. This amount is sufficient to counterbalance any sum that might have been found due the appellant on his cause of action.

Disregarding this answer, therefore, nothing could possibly be due the appellant on his complaint in any event. Consequently, if the ruling upon the demurrer to the answer in question was erroneous, the error was harmless, and cannot result in a reversal of the judgment.

It is next insisted that the court erred in overruling the demurrer to the counterclaim. The counterclaim proceeds upon the theory of a warranty of title and a breach of said warranty by reason of a. failure of title. It is urged that the pleading is bad because it alleges no value of the real estate conveyed to the appellee. It is alleged, however, that the lumber and timber which the appellant agreed to deliver to the appellee were of the value of $30.03 and $323.00, respectively, and that the appellant failed to deliver the same, or any part thereof, having no title to the same. We fail to perceive the necessity for averring the value of the real estate. If the parties made a contract, as alleged, by virtue of which the appellant agreed to deliver certain lumber and timber of a certain value, and he failed to do so, the appellee was damaged the value of such lumber and timber, regardless of the value of the land conveyed. The appellee had the right to stand upon the terms of the contract. If the land he received was worth more than enough to counterbalance any loss in the lumber and timber, this would not give the appellee the right to recoup the excess in the value of the land as against the deficit arising upon the lumber or timber transaction. According to the averments of the counterclaim, the appellant agreed to deliver to the appellee the lumber and timber mentioned, and if he failed to do so, the appellee had the undoubted right to recover of him the value of the same. If in the exchange the appellee received the best end of the bargain, we can

not help the appellant. It was his own contract, and the law will compel him to live up to it, in the absence of any fraud or mistake.

Another objection urged to the counterclaim is that any warranty of title of the real estate could be evidenced only by the deed of conveyance executed, and that the deed should have been made an exhibit. We do not think the pleading bad even if it be conceded that any warranty pertaining to the land must be contained in the deed, and in an action for such breach the deed must be made an exhibit. Granting that appellant can recover nothing on account of the warranty of title of the land, he can still recover for the failure to deliver the timber and lumber.

What we have just said applies also to the other paragraph of the counterclaim. It is averred in this pleading that appellant in the exchange of real estate agreed to deliver to appellee certain logs to which he had no title and did not deliver to him, and that he was damaged in a certain amount. It is true that there is a further averment as to a certain mill and other property which appellant agreed to convey and turn over to appellee, and of its conditions as warranted and as it actually was; but without regard to any other property than the logs we think a valid cause of action is shown in the appellant's failure to deliver the logs, and this is sufficient. If the complaint, or, in this case, the counterclaim discloses a right to recover on any of the items declared upon, the demurrer must be overruled, although as to other items the pleading may be defective. If the appellee is entitled to some relief, the counterclaim is sufficient, although not entitled to all the relief demanded. *Levi* v. *Hare*, 8 Ind. App. 571.

The appellant was not entitled to a *venire de novo*. The verdict was not defective. The fact that the jury

in one portion of the verdict found for the appellee as to the attachment proceedings and in the other found for the appellee on his counterclaim does not render the verdict so uncertain that a judgment could not be rendered upon it. The verdict is sufficiently plain to be understood. 1 Works Pl. and Prac., section 970; Thornton, Juries, section 273.

It is finally contended that the court erred in overruling appellant's motion for a change of venue. A rule of the trial court, certified to this court, requires such applications to be made before issues are formed. To have granted the change would have been a violation of this rule.

The certification of the rule to this court was properly made. *Rout* v. *Ninde*, 111 Ind. 597.

The court had power to make such rule. *Redman* v. *State*, 28 Ind. 205; *Ringgenberg* v. *Hartman*, 102 Ind. 537; *Jones* v. *Dipert*, 123 Ind. 594.

The application was properly refused.

Judgment affirmed.