## PERDUE *v.* GILL.

[No. 5,161. Filed March 15, 1905.]

1. APPEAL AND ERROR.—*From Commissioners' Court.*—*When Cause Stands for Trial.*—An appeal taken from commissioners' court during the term and filed in the circuit court during a term thereof stands for trial at the end of ten days from the filing thereof, no summons being necessary. p. 101.

2. COURTS.—*Rules.*—*Construction.*—The construction placed upon a rule of the trial court by the judge of such court will be followed by the court on appeal, unless it appears there has been a gross and injurious perversion of such rule. p. 101.

3. SAME.—*Rules.*—*Change of Venue.*— *Time of Making Application.*—A rule of the trial court that applications for change of venue from the judge or the county can not be made later than the third day after the return of the summons, unless for cause coming to the knowledge of applicant afterward which must be disclosed in the application, is not unreasonable nor contrary to law. p. 102.

4. INTOXICATING LIQUORS.—*Application for License.*—*Notice.*—Notice of an application for license to retail intoxicating liquors is required to be published but once. p. 102.

5. APPEAL AND ERROR.—*Appellate Court Rules.*—*Briefs.*—Where appellant fails to set out in his brief the instructions questioned or a concise statement thereof, and fails to set out the evidence or a concise statement thereof, as required by Appellate Court rule twenty-two, clause five, he thereby waives any questions arising on the instructions or the evidence. p. 103.

6. APPEAL AND ERROR.—*Weighing Evidence.*—Where the evidence, in a cause triable by jury, is conflicting, the Appellate Court will not disturb the verdict or finding.  p. 103.

7. SAME.—*Briefs.*—Where complaint is made, in appellant's brief, of the admission of certain testimony, but the same is not mentioned in the motion for a new trial, and the record fails to show that such testimony was introduced, no question is presented.  p. 103.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Application by Harvey Gill for license to retail intoxicating liquors, against which Calvin Perdue remonstrates. From a judgment of the circuit court granting a license, remonstrant appeals.  *Affirmed.*

*Fred H. Bowers,* for appellant.
*Kenner & Lucas* and *Simmons & Chiles,* for appellee.

BLACK, J.—At the regular session of the board of commissioners of the county of Huntington, commencing September 7, 1903, the appellee, on September 14, 1903, presented his application for a license to retail intoxicating liquors in the town of Warren, Salamonie township, in that county, with proof of publication of notice thereof one time —on August 14, 1903—in a certain weekly newspaper of general circulation in that county.   At the same time the appellant appeared by his attorney and presented his verified motion to dismiss the application, representing himself therein as a legal resident and voter of that township, and attorney in fact for the majority of its legal voters; and he also, as a legal resident and voter of the township, presented a remonstrance for cause, signed by his attorney at law. The board, September 15, 1903, having heard evidence, sustained the remonstrance and dismissed the application. September 17, 1903, the appellee filed his appeal bond, and on the next day the transcript on appeal and the papers were filed in the office of the clerk of the court below, in a regular term of that court which commenced September 7, 1903. Afterward, in the same term, October 28, 1903, the remon-

strator moved for a change of venue from Huntington county. The court overruled this motion because of want of compliance with a rule of court, as follows: "Application for change of venue, either from the judge or from the county, shall be made to the court on or before the third day after the return of the summons, and not later, unless the cause for the change shall come to the knowledge of the party asking the change and shall be so shown in the affidavit asking the change." No excuse for failure to make earlier application was shown in the appellant's verified motion. The question as to the correctness of this action of the court is presented here.

1. The statute (§5594d2 Burns 1901, Acts 1899, p. 343, §50) provides that a regular session of the board of county commissioners shall continue only so long as the necessary business of such session absolutely requires. It may be presumed, if necessary, in favor of the action of the court below, there being nothing shown to the contrary, that the board was still in session when the appeal was taken, and, therefore, that no summons requiring the appellee in the court below to appear and answer the appeal was necessary (§7862 Burns 1901, §5775 R. S. 1881); and, the papers and transcript having been filed in the office of the clerk of the court below during term time of that court, the cause on appeal stood for issue and trial at that term, after the expiration of ten days from the day on which the same was filed. §525 Burns 1901, Acts 1889, p. 255.

2. The court, in applying its rule, treated the day on which the cause would stand for issue and trial without a summons as it would treat the return day of a summons. It would seem that any court should, in general, be regarded as capable of determining the meaning and applicability of one of its own rules in a particular instance. Where, on appeal, the construction which the court below placed upon one of its own rules of practice is questioned, there should be no interference by the appellate court with such construc-

tion, unless it may confidently be said that there has been a gross and injurious perversion of the rule. *Stanton* v. *Kinsey* (1894), 151 Ill. 301, 306, 37 N. E. 871; *Evans* v. *Backer* (1886), 101 N. Y. 289, 292, 4 N. E. 516; *Higgins Carpet Co.* v. *Latimer* (1895), 165 Pa. St. 617, 30 Atl. 1050; *Baldwin* v. *St. Louis, etc., R. Co.* (1888), 75 Iowa 297, 39 N. W. 507, 9 Am. St. 479. The case before the court was one within the purpose which the rule was intended to subserve, and we can not conclude that the court exceeded its right of construction in placing the case within the rule.

3. We can not agree with appellant that the rule is unreasonable and in contravention of substantial justice, or repugnant to law. It did not deny a right to change of venue for any cause specified in the statute; it merely limited the time within which the application should be made, such limitation not being forbidden by the statute.

In *Thompson* v. *Pershing* (1882), 86 Ind. 303, it was held that there was no error in overruling an application for a change of venue not in compliance with a rule of court requiring all applications for change of venue to be made by the second Tuesday of the term, unless good cause for delay was shown, in writing, with the application. See, also, *Jones* v. *Dipert* (1890), 123 Ind. 594.

In *Jones* v. *Rittenhouse* (1882), 87 Ind. 348, it was held not error to overrule a motion for a change of judge not made in time as prescribed by a rule providing that such application would not be entertained after Tuesday, the second day of the term. See, also, *Lott* v. *State* (1890), 122 Ind. 393.

In *Anglemyer* v. *Blackburn* (1896), 16 Ind. App. 352, it was held that the court had power to make a rule requiring an application for a change of venue to be made before issues were formed.

4. In the circuit court the appellant filed a motion to dismiss the appellee's application for a license, for the

reason that the notice given to the residents of Salamonie township of his application was not sufficient, in that it was published but once and in one issue of a newspaper, named, of Huntington, Indiana, and in no other paper. It is claimed that the overruling of this motion was erroneous. This must be determined by reference to the language of the statute (§7278 Burns 1901, §5314 R. S. 1881), which is as follows: "Any male inhabitant over the age of twenty-one years, desiring to obtain license to sell intoxicating liquors, shall give notice to the citizens of the township, town, city, or ward in which he desires to sell, by publishing, in a weekly newspaper in the county, a notice, stating the precise location of the premises in which he desires to sell, and the kinds of liquor, * * * at least twenty days before the meeting of the board at which the applicant intends to apply for a license." One publication of the notice in a newspaper of the class designated, at least twenty days before the meeting of the board, is a sufficient publication. No other meaning can be ascribed to the statute.

5. We are precluded from examination of the instructions given to the jury and those requested and refused, because the appellant has not, in his brief, set them out, nor made a concise statement thereof, in compliance with clause five of rule twenty-two of this court. A like failure to comply with the rule prevents consideration of the alleged cause for a new trial on the ground of newly-discovered evidence.

6. There was evidence upon which the jury might have found that the appellee was an immoral man, not fit to be granted a license; but there was also other evidence of a contrary tendency, and, however much we might be inclined to regard the evidence as not preponderating in favor of the appellee, it is not within our province to weigh the evidence and determine as to its preponderance.

7. In the statement of "errors relied on for reversal,"

and in the "propositions or points" in the appellant's brief, it is stated that the court erred in admitting certain alleged testimony of the appellee, reference being made to a certain portion of the bill of exceptions containing the evidence. Upon examination of the motion for a new trial and of the designated portion of the bill, we do not find that any cause for a new trial was based upon alleged admission of such testimony, or that such testimony was, in fact, introduced.

Judgment affirmed.