STATE EX REL. RAY, ADMINISTRATRIX *v.* VENEMAN, JUDGE.

[No. 26,665. Filed March 3, 1936.]

*Lockyear & Lockyear* and *McDonald & McDonald,* for appellant.

*John D. Welman, Joseph H. Iglehart, Frank H. Hat-field, Daniel H. Ortmeyer* and *Phelps F. Darby,* for appellee.

TREMAIN, J.—This is an original action filed by the relatrix against the respondent as judge of the Probate Court of Vanderburgh County, in mandate, to compel the granting of a change of venue from the county in an action for damages, pending in that court, entitled: *Essie Ray, Administratrix* v. *Louisville and Nashville Railroad Company, James Joyce.* The motion for the change of venue is verified and in due form of law. An alternative writ of mandate was issued by this court. Respondent, for answer thereto, says that at the time the motion for a change of venue was filed, and for a long time prior thereto, a rule of court was in full force and effect which provides that "no change of venue from the county shall be granted until the issues in the cause are closed." The response alleges that the issues had not been closed at the time, and for that reason the court deferred ruling upon the motion for a change of venue.

The sole question for determination by this court is whether the probate court may promulgate the rule and defer action upon the motion for a change of venue until the issues are closed. The relatrix does not deny that the issues were not closed, and the respondent does not question the sufficiency of the motion for a change of venue. Therefore, the effect of the rule and the power of the probate court to enforce it are presented for determination.

It is conceded that the probate court possesses inherent power to make and prescribe rules of procedure, and when adopted, they have the force and effect of rules of law, and parties and counsel are bound by and must obey them. *Smith et al.* v. *State ex rel. Hamill* (1894), 137 Ind. 198, 36 N. E. 708; *State* v.

*Van Cleave* (1902), 157 Ind. 608, 62 N. E. 446; *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109; *Epstein* v. *State* (1920), 190 Ind. 693, 127 N. E. 441, 128 N. E. 353; *Roberts* v. *Donahoe* (1921), 191 Ind. 98, 131 N. E. 33.

The statute, Burns' Ann. St. 1933, Section 4-313, which has been in force since 1852, provides that:

"Said courts shall adopt rules for conducting the business therein not repugnant to the laws of this state."

Although the probate court has both the inherent and statutory power to prescribe rules of procedure, still the court is limited to the extent that such rules must be reasonable and in conformity to statutory and constitutional provisions. The statutory law is paramount to any rule of court. Rules of court cannot be made which conflict with the statutes of the state. *Laselle* v. *Wells* (1861), 17 Ind. 33; *Krutz* v. *Griffith, Admr.* (1879), 68 Ind. 444; *Krutz* v. *Howard* (1880), 70 Ind. 174; *Barber* v. *State* (1925), 197 Ind. 88, 149 N. E. 896.

Rules may be adopted prescribing when an application for a change of venue shall be made, and the mode and time of making the application may be regulated by rules of court. *Ogle* v. *Edwards, Admr.* (1893), 133 Ind. 358, 33 N. E. 95; *The J. M. & I. R. Co.* v. *Avery* (1869), 31 Ind. 277; *Thompson* v. *Pershing* (1882), 86 Ind. 303; *Chissom* v. *Barbour* (1885), 100 Ind. 1; *Leavell* v. *State ex rel. Marsh* (1896), 16 Ind. App. 72, 44 N. E. 687; *Moulder* v. *Kempff* (1888), 115 Ind. 459, 17 N. E. 906; *Bernhamer* v. *State* (1890), 123 Ind. 577, 24 N. E. 509; *City* v. *Strassner* (1893), 138 Ind. 301, 34 N. E. 5, 37 N. E. 719; *Perdue* v. *Gill* (1905), 35 Ind. App. 99, 73 N. E. 844; *Jones* v. *Rittenhouse* (1882), 87 Ind. 348; *Anglemyer* v. *Blackburn* (1896), 16 Ind. App. 352, 45 N. E. 483; *Jones* v. *Dipert* (1890), 123 Ind. 594, 23 N. E. 944.

There is a line of decisions in which it is held that the court may suspend action on a motion for a change of venue until the issues are closed. Withholding action on the motion is based upon the theory that a change from the county is in quest of a jury and not of a judge and that when the issues are closed, there might be nothing to submit to the jury. *Matlock* v. *Fry* (1861), 15 Ind. 483; *Dawson* v. *Vaughan* (1873), 42 Ind. 395; *Risher* v. *Morgan* (1877), 56 Ind. 172; *Galey* v. *Mason* (1910), 174 Ind. 158, 91 N. E. 561.

Also there is at least one case, *Houser* v. *Laughlin* (1914), 55 Ind. App. 563, 104 N. E. 309, where a motion for a change of venue, in due form, was denied by the court upon the peculiar facts therein stated, and upon a showing that the change was made for delay only. The action of the trial court was approved on appeal to the Appellate Court.

During all the time that the decisions were handed down by this court approving the action of the lower court in withholding the granting of a change of venue until the issues were closed, and prior to the enactment of Chapter 119, Acts 1929, the Supreme Court, in another line of decisions, held that an application for a change of venue in civil cases is not addressed to the discretion of the court, and if an affidavit for a change in conformity with the statute is filed, the change must be granted; that the duty of the court to grant the same is imperative. *Witter* v. *Taylor* (1855), 7 Ind. 110; *Fisk* v. *The Patriot, etc.* (1876), 54 Ind. 479; *Krutz* v. *Griffith, Admr., supra; Krutz* v. *Howard, supra; Woodsmall* v. *State* (1914), 181 Ind. 613, 105 N. E. 155, 105 N. E. 899; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Barber* v. *State, supra; State ex rel.* v. *DeBaun* (1926), 198 Ind. 661, 154 N. E. 492; *Wheeler* v. *City of Indianapolis* (1929), 201 Ind. 415, 166 N. E. 433, 175 N. E. 15; *Rout* v. *Ninde* (1889),

118 Ind. 123, 20 N. E. 704; *Federal Cement Tile Co.* v. *Korff* (1912), 50 Ind. App. 608, 97 N. E. 185; *Huffman* v. *State ex rel.* (1917), 66 Ind. App. 105, 117 N. E. 874; *Farmers Deposit Bank* v. *State ex rel.* (1929), 89 Ind. App. 302, 166 N. E. 287.

Since the decisions in the foregoing cases, and many others which could be cited, the General Assembly enacted the statute above referred to, being Section 2-1408, Burns' Ann. St. 1933, which provides that whenever a change of venue is taken from the county in any civil action pending in any circuit, superior, or probate court of this state from any county having three or more adjoining counties, if the parties to such action shall agree in open court, within three days from the filing of the affidavit or motion for change of venue, upon a county to which the venue of such action shall be changed, it *shall be the duty of the court* to send, transfer, and venue such action to such county. In the absence of such agreement, it *shall be the duty of the court,* within two days thereafter, to submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties shall each alternately strike off the names of all such counties, except one, and the action shall be sent to the county not stricken off under such procedure. This section of the statute prescribes the mode and manner of taking a change of venue from the county. Section 2-1401, Burns' Ann. St. 1933, names the causes for a change. Prior to the enactment of said Section 2-1408, *supra,* there was no statute in this state prescribing the mode and manner of perfecting a change of venue from the county.

For more than eighty years this court has held that it is the imperative duty of the trial court to grant the change of venue, when the application is timely made and in due form. The statute now in force narrows the

power possessed by the trial court prior thereto in that it specifically prescribes the mode and manner of perfecting the change, and states that when the parties have either agreed upon a county or have stricken off the counties until only one remained, it is the duty of the court to transfer the cause to that county. As held in the recent case of *State ex rel. Burdge* v. *Cummings* (1935), 208 Ind. 292, 195 N. E. 879, nothing further remains for the court to do except to send the cause to the county designated; that such duty is imperative; and that it matters not whether the issues were closed at the time the motion and affidavit were filed.

This court in *State ex rel.* v. *Sullivan* (1934), 206 Ind. 304, 309, 188 N. E. 672, in passing upon a similar question concerning a change of venue, holds that " . . . the court has no discretion in the matter. It becomes its imperative duty to grant the change."

In the recent case of *State ex rel.* v. *Carlin* (1935), 208 Ind. 680, 197 N. E. 825, in passing upon a motion for a change of venue from the judge it is held that (p. 683) :

> "When the motion and affidavit are filed in due form and based upon one of the statutory grounds, nothing remains for the judge to do except to follow the statute and appoint the judge agreed upon by the parties, if an agreement is made, otherwise to designate three names as provided by statute. The trial judge possessed no other jurisdiction over the case."

If the rule of court in question is held to be valid and enforcible, it would have the effect to abrogate the 1929 Act concerning change of venue from the county. Not only that, but it is in conflict with the long line of decisions in this state holding that it is the imperative duty of the court to grant the change upon proper motion and affidavit. When an affidavit for a change of venue is filed by a party, it must be taken to mean exactly what

it says, that it is the desire of the party to try his case in another jurisdiction. It is no answer to such motion to say that the court in which it is filed may determine the law questions and thereby obviate the necessity of a trial. If a party makes a false affidavit, he is guilty of perjury. As stated in *Witter* v. *Taylor, supra* (p. 112):

> "If the party commits perjury in the affidavit, he subjects himself to the consequences. He takes his change at his peril."

Any attorney who should induce or permit a client to make a false affidavit in order to secure a change of venue from the county or from the judge, he thereby "subjects himself to the consequences," and is liable to reprimand, disbarment, or consequences of a more serious nature:

If the rule promulgated by the probate court of Vanderburgh County is upheld, it would amount to saying to that court, and to the courts generally in this state, that they possess powers to prescribe the mode and manner for granting changes of venue, which are repugnant to the statute. This cannot be done. The rule is in conflict with the statute. The statute must prevail.

Cases holding that the trial court may defer ruling upon a motion for a change of venue until the issues are closed are not applicable under the present statutes.

Therefore, the respondent, Hon. Albert J. Veneman, Judge of the Probate Court of Vanderburgh County, is directed to grant the application of the relatrix for a change of venue from the county. The alternative writ heretofore issued is made permanent,