(No. 13399.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellee, *vs.* FRANK J. WIL-
LOUGHBY, Appellant.

*Opinion filed October 23, 1920.*

1. SPECIAL ASSESSMENTS—*when default does not preclude land
owner from consideration of damages to land not taken.* In sec-
tions 13 to 33 of the Local Improvement act, which describe the
proceedings for compensation for property taken or damaged for
a local improvement, no provision is made for a default of the
defendants, and where a default is entered against a land owner he
need not file a cross-petition to have the question of damages to
land not taken considered by the jury, as section 23 makes it the
duty of the court to determine that question as well as other ques-
tions of damages, and the only requirement that a defendant file
any objection whatever is in cases of objections to assessments
for benefits.

2. SAME—*when rule of county court cannot be construed to pre-
vent setting aside a verdict.* Courts have power to adopt and alter
rules for pleading and granting defaults, but a rule of the county
court in special assessment cases that default or confirmation or-
ders shall not be set aside for any cause without the consent of
the petitioner cannot be construed to prevent the setting aside of
a verdict entered without having the cause placed upon the trial
calendar or giving notice to parties interested.

APPEAL from the County Court of Cook county; the
Hon. JOHN H. WILLIAMS, Judge, presiding.

CAVENDER & KAISER, and LOUIS T. ORR, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (GEORGE
A. CURRAN, HARRY A. TIFFANY, GEORGE P. FOSTER, and
A. C. MAYER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This case comes to this court by appeal from the county
court of Cook county, in which court a judgment was en-
tered in a proceeding by the city of Chicago under the

Local Improvement act to condemn for street purposes a portion of certain land owned by appellant.

On February 11, 1920, no one appearing on behalf of appellant, an order of default was entered against him. On February 16 following, a hearing was had before a jury and a verdict rendered for $6300 compensation for appellant's property taken and a further finding that no other property would be damaged by reason of said proceedings, whereupon a judgment was immediately entered upon said verdict for said sum. On February 25 appellant by his counsel entered his motion to set aside and vacate the verdict and judgment and for leave to file a cross-petition for damages to land not taken. In support of the motion counsel presented an affidavit and certain exhibits, including a blue-print and also copies of the *Chicago Daily Law Bulletin* showing the court call of the Hon. S. N. Hoover on February 11, 13, 14 and 16. The affidavit in support of said motion set forth, in substance, that appellee had been informed on the 5th day of January that appellant would claim damages for land not taken, because of the fact that the land not taken would be changed from land suitable for manufacturing or industrial purposes to land suitable only for residence purposes by virtue of the proposed improvement, and because of such changed purpose the land not taken would be of less value than before the improvement; that the cause was first placed upon the trial call before Judge Hoover sitting in the county court on the 9th day of February, 1920, and again appeared on said calendar on the 11th of February following; that appellant had been erroneously informed that the case had been passed until February 13 and that the case had not appeared again upon the trial call of said judge on the 13th; that affiant, upon inquiry as to the reason for such failure, was informed by the clerk of the court that on February 11 appellant had been defaulted and the legal objections overruled; that subsequent to said ruling certain conversations took place be-

tween counsel for the parties hereto with reference to the amount of damages; that appellant then stated that he intended to file a cross-petition claiming damages to land not taken; that immediately thereafter counsel for appellant prepared said petition, and on February 16 served notice on counsel for the city of his intention to file the same on the 17th of February; that Judge Hoover held no court on the 17th or 18th, and the petition could not be tendered for filing until the 21st day of February, at which time the affiant learned for the first time that on the 16th day of February counsel for appellee had the cause transferred from Judge Hoover to the branch of the county court presided over by Judge Williams, who caused the jury to be summoned and damages assessed without notice to or knowledge or appearance of counsel for appellant; that the cause never appeared on the published calendar call for that date before Judge Williams. In opposition to said motion appellee had certain testimony taken and embodied in the bill of exceptions, including rule 6 of said court. After hearing arguments of counsel the court denied the motion and refused to vacate the judgment and set the verdict of the jury aside, to which exceptions were preserved and an appeal prayed to this court.

It is contended by appellant that the trial court erred in denying the motion to vacate the judgment and set aside the verdict; that the court erred in entering a default, this being a proceeding for the condemnation of land; that the judgment is void, in that it fixed no time within which to pay the damages fixed by the verdict. It is contended by appellee that it was justified in assuming from the delay and numerous continuances of the cause that appellant had abandoned the case,—at least that his counsel had not used due diligence to protect the rights of his client,—and that it was not an abuse of discretion to refuse to vacate the judgment; that the affidavit filed in support of the motion to set aside the judgment is defective, in that it does not

set forth a meritorious defense; that because of rule 6 of the county court the judgment could not be set aside without the consent of appellee.

Appellant apparently is of the view that this cause is tried under the Eminent Domain act. In this he is in error. This is a petition to open Constance avenue and is brought under the Local Improvement act. Section 12 of that act provides that where property is to be taken or damaged for local improvements, the proceedings for making just compensation for the property taken or damaged shall be as described in sections 13 to 33 of the act. Those sections provide for the form of the petition and its contents, power of the commissioners appointed, their report and certificate, the securing of jurisdiction of defendants and parties interested, and the method of publication and mailing of notices. Section 23 provides that "upon the return of a summons, or as soon thereafter as the business of the court will permit, the court shall proceed to a hearing of the said cause, and shall empanel a jury to ascertain the just compensation to be paid to all such owners of property to be taken or damaged; and if objections shall be filed to the confirmation of the assessment of benefits, such objections shall be submitted to the same jury at the same time; and thereupon such jury shall ascertain the just compensation to be paid to the owner of each lot, block, tract or parcel of land to be taken or damaged in said proceeding, and shall also determine whether or not any lot, piece or parcel of land assessed in said proceeding, for which objections have been filed, has been assessed more than it will be benefited by said improvement, and on such hearing the commissioners' report so returned and filed as aforesaid, shall be *prima facie* evidence, both of the amount of the compensation to be awarded, and of the benefits to be assessed." Nowhere in sections 13 to 33 is a default of defendants provided for. The only requirement that a defendant file any objection whatever is in cases of ob-

jections to assessments of benefits. The proceedings under sections 13 to 33, while statutory, are in some respects similar to proceedings under the Eminent Domain act. Appellant was not required to file a cross-petition, however, as required by the Eminent Domain act, in order to have the subject of damages to land not taken considered by the jury. Section 23 quoted above makes it the duty of the court to determine that question as well as other questions of damages. That duty arises out of the statute itself and attaches as soon as the court. secures jurisdiction of the parties and the subject matter. It follows, therefore, that appellant was not precluded by the default entered against him from having the question of damages to land not taken considered by the jury.

It appears that counsel for the city, without notice to appellant's counsel, removed the files from Judge Hoover's court and took them to the court presided over by Judge Williams, which is another branch of the county court. Counsel for the city had notice from appellant's counsel that appellant would claim damages to property not taken but nevertheless proceeded to a hearing without notice to appellant. Appellant was not in default so as to deprive him of his right to be heard on the question of damages.

Appellee, however, contends that rule 6 of the county court prevents the setting aside of the judgment and verdict in this case for any reason. Rule 6 relates to special assessment cases and provides: "Default and confirmation orders shall not be set aside in any case except for good cause shown, upon oath or affidavit. Default or confirmation orders shall not be set aside for any cause after a jury has been called and *voir dire* examination begun without the consent of the petitioner."

It is the general rule that courts have power to adopt and alter rules for pleading and granting defaults. As was said by this court in *Stanton* v. *Kinsey,* 151 Ill. 301: "It is to be presumed that a court that promulgates special

rules for the transaction of business in such court and is almost continuously engaged in administering justice under such rules and is necessarily and frequently called upon to place a practical construction upon them, is in a better position to interpret them according to their true intent and meaning as understood and intended by the authority that established them than would be a tribunal that is a stranger to such rules. It would require a clear and strong case of a violation or disregard or misconstruction by the court below of its own special rules of practice to justify this court in a conclusion that it understood the full scope and meaning of such rules better than the court that promulgated them." We are of the opinion, however, that rule 6 cannot be so interpreted as to permit counsel for the city to knowingly secure a hearing on the question of damages or benefits in such manner as may be provided by rules of court without having the cause placed upon the trial calendar or giving notice to parties interested, who are entitled to notice, and then prevent the setting aside of the verdict by refusing to consent thereto. To permit such practice would be to encourage fraud upon the rights of persons whose property is to be taken or damaged, by preventing their giving testimony concerning such damage. To construe that rule of court as applying to such a case would make it unreasonable. We are of the opinion that said rule should not prevent the setting aside of the verdict here.

It is evident that the appellant did not have an opportunity to present his evidence. The verdict of the jury should have been set aside and this opportunity afforded him. For the error in not so doing the judgment of the county court is reversed and the cause remanded to that court for a new trial.           *Reversed and remanded.*